ALEXANDER SHAW, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

Two defendants were jointly indicted for the offence of simple larceny, and both were charged in the indictment as the actors or absolute perpetrators of the offence, and upon the trial of one of the defendants for said offence, the jury returned a verdict finding him guilty of simple larceny in the *second degree*: *Held*, that such finding of the jury was error, under the provisions of the Code, and that the Court below erred in not setting the verdict aside and granting a new trial.

*Held*, *also*, that the Court below erred in not allowing the witness, Sheridan, to relate all the facts to the jury as to how Paldo came by the money which was paid to the livery-stable man for the hire of the wagon and mules.

Criminal Law.   Larceny.   New Trial.   Before Judge HARRELL.   Randolph Superior Court.   May Term, 1869.

The bill of indictment charged Shaw and a negro, Paldo Stanley, with simple larceny, by unlawfully and with force and arms, on the 11th of November, 1868, in said county, privately taking and carrying away a bag of cotton worth $125, of the personal goods of James F. Sealey. Shaw was tried alone.   That such bag of cotton was taken from Sealy's farm, about five miles from Cuthbert, at that time, and was hauled into Cuthbert by Paldo, and left in Shaw's lot, in Cuthbert, about day-break next morning, and that Paldo had run away, were plainly shown.   The other evidence by the State to connect Shaw with the larceny was this:   He had owned the mules and wagon with which Paldo hauled the cotton, and had recently put them in as part of the capital in a livery-stable business in which he was partner; that Shaw recommended Paldo as trustworthy; that Paldo had hired them several weeks before that, and on the 11th November, 1868, also, and that the hire due by Paldo to the stable for said mules and wagons, ($30 00,) was paid by one of Shaw's clerks on the 14th of November, 1868.

In reply, Shaw showed by his Clerk that the money with which he paid said hire, was Paldo's, who had left it with him, and by his servants and members of his family, etc., he showed that he was at home all the 11th of November,-

Shaw *vs.* The State of Georgia.

1868, had a party at his house, and was with the company till about midnight, then went to bed, and was in bed next morning at the time the cotton was put upon his lot, and after till 9 o'clock, A. M.; that it was a back lot, cut off from his residence lot by an alley, and that a white man, whose face was partly concealed, and who was not Shaw, was in the wagon with Paldo when he was going to Sealey's. His counsel offered one Sheridan to show all the facts connected with the payment of said hire, so as to show how Paldo got the money which he had left with the clerk. What these facts were is not stated. The Judge rejected the evidence.

The jury found Shaw "guilty of simple larceny in the second degree." His counsel moved for a new trial, upon the grounds that as simple larceny was not a felony there could be no principal in the second degree in it, and therefore said verdict was contrary to law ; that the Court erred in rejecting Sheridan's evidence, and upon various others, all resolvable into this: that the verdict was without evidence, because there was nothing to show that Shaw directly or indirectly, was present when the larceny was committed, or had counseled, procured or commanded any one to take said cotton, or had received it after it was stolen, etc.

The Judge refused a new trial, and error is assigned on each of said points. (A motion was made to dismiss this writ of error, because the evidence was not in the bill of exceptions. It was overruled, because the evidence taken at the trial by the Court was attached to the bill of exceptions, and was identified by the signature of the Judge.)

E. L. Douglass, E. R. Harden, D. A. Walker, for plaintiff in error.

S. W. Parker, Solicitor General, by A. Hood, for the State.

Warner, J.

The defendant was indicted as the *actor* or *absolute perpetrator* of the offence charged in the indictment, and the jury found him guilty of the offence charged in the *second degree.*

This was error, as was ruled by this Court in *Washington vs. The State*, 36th *Georgia Reports*, 222.

It was also error in the Court below in not allowing the witness, Sheridan, to relate all the facts to the jury as to how Paldo came by the money which was paid to the livery-stable man for the hire of the wagon and mules.

Let the judgment of the Court below be reversed, and a new trial be had.