## BONE et al. v. THE STATE.

| | |
|---|---|
| 102 | 387 |
| 103 | 58 |
| 102 | 387 |
| f113 | 727 |
| 102 | 387 |
| 114 | 108 |
| 102 | 387 |
| 118 | 782 |
| 102 | 887 |
| 120 | 338 |
| 102 | 387 |
| 123 | 246 |
| 102 | 387 |
| 125 | 277 |
| 102 | 387 |
| e128 | 258 |

1. It is not good cause for granting a new trial in a criminal case, that the judge, after correctly charging concerning the law in relation to "reasonable doubt" of the defendants' guilt, added in connection therewith: "But if on the other hand you are satisfied of their guilt to a reasonable and moral certainty, then it would be your duty to find them guilty," it being apparent from the instructions as to reasonable doubt, taken all together, that the judge intended to convey to the jury the idea that the reasonable and moral certainty of guilt to which he referred was mental conviction excluding any reasonable doubt of guilt.

2. It is not error in the trial of a criminal case for the presiding judge to charge the jury that when the State makes out a prima facie case against the defendants, "and the defense of alibi is relied on, then the burden of proof is on the defendants to show you by the preponderance of the evidence offered that, at the time and place in question, it was impossible for the defendants to have been there," when, immediately after such charge, he instructs the jury to consider all the evidence offered, the evidence touching the alibi and all other parts of the case, with reference to determining whether the evidence offered is so strong as to convince them of the defendants' guilt beyond a reasonable doubt.

3. Where in the trial of a criminal case a witness who had testified that he did not know the defendants personally, "such as going with them and dealing with them," was sought to be impeached by showing that he had made contradictory statements, it was not error, after having admitted for this purpose (the foundation being first laid) testimony showing that the witness had theretofore told different persons named that he and the defendants had together broken into a certain store and taken goods therefrom, to charge the jury with respect to such testimony as follows: "That evidence is admitted solely for the purpose of impeaching witnesses, and not as affecting the guilt of these defendants, other than it may affect what you believe to be the truth of what any witness may have testified."

4. The motion for a new trial, so far as certified, discloses no errors of law in the rulings made upon the trial; and the verdict being supported by the evidence, the discretion of the presiding judge in refusing to grant a new trial will not be disturbed.

FISH and COBB, JJ., dissenting. Where the evidence is close, the failure of the judge to give a clear, unequivocal, and correct charge upon the law of reasonable doubt ought to result in a new trial. The charge complained of in the present case did not come up to this standard, and is not susceptible of the construction placed thereon in the first headnote.

Argued May 3, — Decided August 10, 1897.

Indictment for robbery. Before Judge Candler. Fulton superior court. March term, 1897.

The indictment charged, that on February 15, 1897, Ben Christie, Lem Bone and Julius Bone wrongfully and fraudu-

lently, by force and intimidation, took from the person of Charles Klassett, without his consent, $12.65 in money and a watch. Christie elected to sever, and the Bones were placed on trial and found guilty, with a recommendation that they be punished as for a misdemeanor. They moved for a new trial, which was denied, and they excepted. There was evidence by Klassett, supporting the allegations of the indictment, and he was materially corroborated by the testimony of other witnesses. The defendants introduced testimony tending to prove an alibi, and to show contradictory statements previously made by Klassett. Christie testified that he had known of the Bone boys, but had not been in company with them or either of them for seven or eight years; and furthermore, that on the 15th of February, 1897, he was confined in jail in Montgomery, Alabama, and escaped from there three days afterwards. For the other facts see the opinion.

*R. J. Jordan*, for plaintiffs in error.
*C. D. Hill*, *solicitor-general*, contra.

LITTLE, J. The evidence in the case was sufficient to support the finding of the jury that the defendants were guilty of the crime charged in the indictment, and there was no error in overruling the motion for a new trial on the general grounds set out in the original motion. By the amended motion exceptions are taken to several parts of the charge given to the jury by the presiding judge, which we will consider seriatim. The third, fourth, fifth, sixth, seventh and eighth grounds of the motion are not certified by the judge, and therefore can not be considered by this court. The first and second grounds being the general grounds which, as said above, were properly overruled, we are only to consider the errors alleged to have been committed by the ninth, tenth, eleventh, twelfth and thirteenth grounds of the motion, and do so in the order indicated by the headnotes to this decision.

1. Error is assigned, in that the court charged the jury as follows: "But if on the other hand you are satisfied of their guilt to a reasonable and moral certainty, then it would be your duty to find them guilty." This charge undoubtedly

states a correct principle of law, unless it qualifies another rule for the ascertainment of guilt—that relating to the doctrine of reasonable doubt as to the guilt of the defendants. To ascertain what, if any, qualification was made of the rule on reasonable doubt, reference should be had to that portion of the charge in which the language given is used, and also to the part in which the law as to reasonable doubt was given. In the opening of this charge, after stating the issue made by the bill of indictment and the plea and defining the offense with which the defendants were charged, the presiding judge directed the jury in these words: "If you believe from the evidence in this case that these defendants themselves, or acting and participating with others, did in this county, within four years," etc., giving the acts necessary to constitute the offense, then adding: "If you believe these propositions and believe them beyond a reasonable doubt, then it would be your duty to find these two defendants on trial before you guilty. If you do not believe them, or have a reasonable doubt of them, it would be your duty to find the defendants not guilty." So that, in the outset of his instructions, the judge told the jury that the defendants could not be found guilty unless their guilt was established beyond a reasonable doubt. In this part of the charge there can be no question that this cardinal rule in criminal cases was impressed on the minds of the jurors. The paragraph of the charge in which the language excepted to in the motion is contained is as follows: "I have charged you that what you believe in this case against the defendants you must believe beyond a reasonable doubt. That means what it says. It must be a reasonable doubt as opposed to one that is unreasonable. It is such a doubt as you can give a reason for, and based upon reason. It is not a mere guess or a vague conjecture that possibly the defendants may not be guilty; but it is such a doubt as leaves your mind in an uncertain condition, where you are unable to say with reasonable and moral certainty that the defendants are guilty. If your minds should be in that condition—wavering, uncertain, where you are not satisfied to a moral certainty that the defendants are guilty, then you have the reasonable doubt that

the law contemplates, and you should find them not guilty. But if on the other hand you are satisfied of their guilt to a reasonable and moral certainty, then it would be your duty to find them guilty." A fair analysis of this charge would make it read thus: You can not convict the defendants unless you believe beyond a reasonable doubt that they are guilty; a reasonable doubt is such a doubt as you can give a reason for; it must be based upon reason; it is not a guess or a vague conjecture; it is such a doubt as leaves your mind in an uncertain condition when you can not say with reasonable and moral certainty that the defendants are guilty. The words of the charge give the defendants all the benefit of any reasonable doubt as to their guilt, and fix the reasonable and moral certainty necessary to convict as a state of mind reached in the absence of a reasonable doubt. One thing is quite apparent from the words of the charge: that is, that the jury would not be authorized to convict if they had a reasonable doubt of guilt, nor unless they were morally and reasonably certain of such guilt. It is difficult to conceive how the mind of a juror may reach a conclusion as to a fact to the point of moral certainty, and yet be rendered uncertain by the existence of a doubt of that fact which is reasonable. Absolute certainty of any fact is not to be attained in the trial of a case. Moral and reasonable certainty is all that can be expected. Penal Code, § 986. Mental conclusion that a fact exists can rest only on the evidence which produces absolute certainty, or on that which forces the mind to act in accordance with it; the latter is moral certainty. 3 Mont. 165. As the former is not attainable and therefore not necessary in determining the guilt of a person charged with a crime, the latter is sufficient. When the mind reaches a state of absolute certainty, there can of course exist no doubt of the fact so established. When moral certainty of the truth of a fact exists, that state of mind is not incompatible with doubt, nor is it required to authorize a conviction that the minds of the jury shall be absolutely free of doubt, but a reasonable doubt of his guilt shall acquit the defendant; and moral and reasonable certainty can not exist when there is a reasonable doubt of guilt. "Proof beyond a reasonable doubt

is not beyond all possible or imaginary doubt, but such proof as precludes every reasonable hypothesis except that which it tends to support. It is proof to a moral certainty, as distinguished from an absolute certainty. As applied to a judicial trial for crime, the two phrases are synonymous and equivalent; each has been used by eminent judges to explain the other, and each signifies such proof as satisfies the judgment and consciences of the jury, as reasonable men and applying their reason to the evidence before them, that the crime charged has·been committed by the defendant, and so satisfies them as to leave no other reasonable conclusion possible." 15 Am. & Eng. Enc. L. 715, citing 115 Mass. 1. In Commonwealth v. Welesten, 5 Cush. 295, Chief Justice Shaw instructed the jury that the evidence "must establish the fact to a reasonable and moral certainty, a certainty that convinces and directs the understanding and satisfies the reason and judgment of those who are bound to act conscientiously upon it. This we take to be proof beyond a reasonable doubt." The term "moral certainty" is equivalent to the words "beyond a reasonable doubt." 47 Cal. 96; 18 Iowa, 435; 52 Ala. 411; 6 Nev. 340; 28 Texas App. 114; 48 Ohio St. 371. And such seems to have been heretofore the understanding of this court. *Heard* v. *The State*, 70 *Ga.* 597; *Giles* v. *The State*,.6 *Ga.* 284, note 6; see also *Jesse* v. *The State*, 20 *Ga.* 167. We think that we have shown that moral certainty is reached only when the fact is established beyond a reasonable doubt, and, as the judge charged that the defendants could not be found guilty until the evidence satisfied the jury of their guilt beyond a reasonable doubt, that there was no error in further charging that they must be, satisfied of their guilt to a reasonable and moral certainty. It may be well to observe here, that the courts have frequently been called on to construe the language of judges used in instructions given to juries in the trial of criminal cases on the subject of "reasonable doubts." Mr. Bishop in his new work on Criminal Procedure (vol. 1, §1094, par. 4) says: "Most judges deem the expression 'to a moral certainty' to be equivalent to 'beyond a reasonable doubt.' Therefore properly used in explanation of the latter, and on the whole, such 'defining,' if

that is the word for it, has the support of our American authorities; but practically it will darken more minds of the classes from whom our jurors are mainly drawn, than it will enlighten. To try to give a specific meaning to the word 'reasonable,' when applied to reasonable doubts, is, in the vivid words of Sir Fitz-James Stephen, 'trying to count what is not number and to measure what is not space.'" General View of Criminal Law, p. 262; see also Miles *v*. United States, 103 U. S. 304.

2. Error is assigned on the following charge of the court: "When the State offers evidence and makes out a prima facie case (in law) of guilt against the defendants, and the defense of alibi is relied on, then the burden of proof is on the defendants to show you, by the preponderance of the evidence offered, that at the time and place in question it was impossible for the defendants to have been there." Our Penal Code, § 992, on the subject of alibi as a defense, declares that the range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of presence. The onus is on the accused to verify the alleged alibi, not beyond reasonable doubt, but to the reasonable satisfaction of the jury. See Georgia cases cited under first note to Penal Code, § 992. The charge of the court varied to some extent the language approved in the above cases, as to the amount of proof required to establish the alibi. There is no question as to the correctness of the charge as to where the burden rested; it was with the defendants. The law relating to this subject has been formulated and declared by Chief Justice Bleckley in the case of *Harrison* v. *The State*, 83 *Ga.* 129, which has been cited with approval in later cases ruled by this court. In that case he says: "Touching alibi, the rule in Georgia as established by authority consists of two branches. The first is, that to overcome proof of guilt strong enough to exclude all reasonable doubt, the onus is on the accused to verify his alleged alibi, not beyond reasonable doubt, but to the reasonable satisfaction of the jury. The second is, that, nevertheless, any evidence whatever of alibi is to be considered on the general case with the rest of the testimony, and if a reasonable

doubt be raised by the evidence as a whole, the doubt must be given in favor of innocence." ·Thus·it will be seen that the onus to establish the alibi is on the accused; that this is not to be established beyond a reasonable doubt, but to the reasonable satisfaction of the jury. .The court in this case charged that the burden was on the accused to show their absence by a preponderance of the testimony. The preponderance of the testimony might or might not show the facts of the alleged alibi to the reasonable satisfaction of the jury. Less than a preponderance might do so; more might not. We therefore think that the rule quoted above from *Harrison* v. *The State* is the proper one: that is, the facts of the alibi must be established to the reasonable satisfaction of the jury. For myself, I think it would be treading upon dangerous ground to carry the law beyond the principle there laid down. If I were not bound by the previous rulings of this court, I would not be prepared to go to the extent of the rule there laid down. An alibi is as much a traverse of the crime charged as any other defense, and proof tending to establish it, though not clear, may, with other facts of the case, raise a reasonable doubt of the guilt of the accused. 1 Am. & Eng. Enc. L. 455; 2 Thomp. Trials, § 2436. And following the primary rule for determining guilt, that is, that no conviction can be had unless the evidence establishes the guilt beyond a reasonable doubt, it would be logical, I think, that the facts of an alibi should come into the case like any other matters of defense, to be considered the same way and affect the mind of the jury only as they believe the truth to be. Being a part of the evidence, these facts should be considered with the other evidence in the case, and after due consideration of the evidence as a whole, the defendant should have the benefit of all reasonable doubt as to his guilt. However this may be, the law of this State is settled as above set out, and I follow as it is written. In the case of *Harrison* v. *The State*, to which reference has been made, the judge charged the jury that the evidence sustaining the alibi should outweigh or preponderate over the evidence for the State, — practically the same charge as here. While admitting the objection to it to be grave, this court held, that by construing the charge all

together, the objection was successfully met. Subsequent parts
of the charge instructed the jury that they could not find the
defendant guilty unless they believed from the evidence that
he was so beyond a reasonable doubt. We cite that case as
authority for the ruling here. Immediately following the part
of the charge excepted to, the court charged the jury to con-
sider all the evidence touching the alibi and all other facts of
the case in reference to determining whether the evidence was
strong enough to convince them of the defendant's guilt be-
yond a reasonable doubt; then followed a correct charge of
the law as to the effect of reasonable doubts. Taking the whole
paragraph of the charge as given in which occurs the reference
to the evidence necessary to sustain the alibi, we think the ob-
jection made was cured by that part which followed; and we
will not, therefore, disturb the verdict on that ground.

3. The two defendants, with one Christie, were jointly in-
dicted for the offense of robbery. When the case was called,
Christie elected to sever, and the defendants were put on trial.
Christie was a witness for defendants; and in rebuttal of evi-
dence submitted by the State tending to show that the robbery
charged was the joint act of defendants and Christie, the latter
testified: "I don't know the defendants personally, but have
heard of them—seen them since they have been in jail; by
personally, I mean going with them and dealing with them
and being in their company, and such as that." To impeach
the witness, evidence of Looney was admitted, to the effect that
Christie had previously stated to him that he, Christie, Lem
Bone, one of the defendants, and others broke into the store of
one Morris on January 1st, previously to the time of the trial,
and robbed it of certain goods. In reference to this impeach-
ing testimony, the court charged that it was "admitted solely
for the purpose of impeaching the witness and not as affecting
the guilt of these defendants, other than it may affect what
you believe to be the truth of what any witness may have testi-
fied." We think that the caution and instruction given to the
jury by this charge under the circumstances was altogether
proper. The charge was intended to and did restrict the effect of
the evidence admitted to the credit of the witness Christie, and

prevented the consideration by the jury of his admission that he was in company with one of the defendants engaged in another and distinct robbery, as having anything to do with the guilt of the defendants in the case on trial. The objection to the charge was not a good one.

4. Several of the grounds of the motion were not certified to by the judge. Those that were, we have considered above. The evidence was sufficient to support the verdict, and there was no error in refusing the new trial.

*Judgment affirmed. Fish and Cobb, JJ., dissent. Atkinson, J., absent. The other Justices concur.*

COBB and FISH, JJ., dissenting. We are unable to concur in the judgment rendered by the majority of the court in this case. In our opinion, an error which required the granting of a new trial was committed by the trial court in its charge to the jury. An examination of the evidence shows that there was an outrageous robbery committed upon the public streets of the city of Atlanta. About this there can be no question. The pressure of the case was upon the question of the identity of the accused, and upon this the evidence was at least doubtful, though it might be sufficient to authorize a conviction. That the jury must have had some doubt on this point is illustrated by the fact that the verdict contained a recommendation that the accused be punished as for a misdemeanor. Had the jury been entirely satisfied that the accused were the perpetrators of a robbery of the character described in the record, such a recommendation would never have been made. In the trial of a case of this character, it is all important to the accused that the charge upon the law of reasonable doubt should be clear and unequivocal. After stating the case to the jury and defining the offense charged in the indictment, the court charged as follows: "If you believe from the evidence in this case that these defendants themselves, or acting and participating with others, did in this county, within four years from the date of the finding of this bill of indictment, wrongfully, fraudulently and violently take from the person of Klassett any sum of money which was in his custody, control or possession, of which he had the right to the possession, and by

force and without his consent, — if you believe these propositions, and believe them beyond a reasonable doubt, then it would be your duty to find these two defendants on trial before you guilty. If you do not believe them, or have a reasonable doubt of them, it would be your duty to find the defendants not guilty." In another part of the charge the court said: "If you do not believe they are guilty, and guilty beyond a reasonable doubt, it would be your duty to find them not guilty." In another part of the charge is the following: "I have charged you that what you believe in this case against the defendants you must believe beyond a reasonable doubt. That means what it says. It must be a reasonable doubt as opposed to one that is unreasonable. It is such a doubt as you can give a reason for, and based upon reason. It is not a mere guess or a vague conjecture that possibly the defendants may not be guilty; but it is such a doubt as leaves your mind in an uncertain condition where you are unable to say with reasonable and moral certainty that the defendants are guilty." If this was all that the court charged upon the law of reasonable doubt, the case would be free from difficulty, because the extracts quoted contain a fair statement of the law, and what is said in the last sentence in reference to reasonable and moral certainty is not misleading, because, taken in connection with the context, it will be understood as meaning reasonable and moral certainty beyond a reasonable doubt. The court, however, added this: "If your minds should be in that condition — wavering, uncertain, where you are not satisfied to a moral certainty that the defendants are guilty, then you have the reasonable doubt that the law contemplates, and you should find them not guilty. But if on the other hand you are satisfied of their guilt to a reasonable and moral certainty, then it would be your duty to find them guilty." This charge seems to us to be objectionable. It was the evident intention of the court to have the jury to understand that proof establishing a fact to a reasonable and moral certainty is equivalent to proof beyond a reasonable doubt; and this would be erroneous, because such is not, in our opinion, the law of this State. Our code declares that: "Moral and reasonable cer-

tainty is all that can be expected in legal investigation. In all civil cases the preponderance of testimony is considered sufficient to produce mental conviction. In criminal cases a greater strength of mental conviction is held necessary to justify a verdict of guilty." "Whether dependent upon positive or circumstantial evidence, the true question in criminal cases is, not whether it be possible that the conclusion at which the testimony points may be false, but whether there is sufficient testimony to satisfy the mind and conscience beyond a reasonable doubt." Penal Code, §§ 986, 987. We are fully aware that it has been held in other States, by judges of great eminence, that proof establishing a fact to a reasonable and moral certainty establishes it beyond a reasonable doubt. Decisions to this effect are cited in the opinion of Mr. Justice Little. But no matter what may be the law in other jurisdictions, we confidently assert that under our code the two expressions can not be used interchangeably. It seems to us that the sections quoted recognize that moral and reasonable certainty, as distinguished from absolute and mathematical certainty, is required in all legal investigations. After stating, in effect, that this character of certainty is required in all legal investigations, the code then recognizes that it may exist in two degrees. The moral and reasonable certainty required in civil cases is that degree of certainty which would be brought about by a preponderance of the evidence. In criminal cases, however, a greater degree of moral and reasonable certainty is held necessary to justify a verdict of guilty, that is, moral and reasonable certainty beyond a reasonable doubt.

The three decisions of this court cited in the opinion of Mr. Justice Little as bearing upon the subject do not seem to us to be controlling upon the matter. In the case of *Giles* v. *State*, 6 *Ga.* 276, 285, the headnote uses this language: "On the trial of criminal cases, moral, and not mathematical or metaphysical certainty, is all that the law requires, or that is attainable," and in the opinion Judge Lumpkin says: "Now it is conceded, that in all criminal cases whatsoever, it is essential to a verdict of condemnation, that the guilt of the accused should be fully proved; and that neither a mere preponderance of evi-

·dence, nor any weight of preponderant evidence, in the language of Mr. Starkie, is sufficient for the purpose, unless it generate full belief of the fact, to the exclusion of reasonable doubt. Still, absolute, mathematical or metaphysical ·certainty is not essential; and besides, in judicial investigations it is wholly unattainable. Moral certainty is all that ·can be required." Fairly interpreted, this language of the eminent judge conveys the idea that the moral certainty required in criminal cases is that degree of moral certainty which is brought about by proof beyond a reasonable doubt. The ·case of *Jesse* v. *State*, 20 *Ga.* 156, deals with the question of what is reasonable doubt, and does not refer in any way to the question now under consideration. In *Heard* v. *State*, 70 *Ga.* 597, the trial court, after charging the law of reasonable doubt fully, ·charged as follows: "Mathematical certainty is not required in legal investigation. All that is required is moral certainty. Are your minds and consciences satisfied that the charge is ·true? If so, it is sufficient to authorize a conviction." Even if what was said by Chief Justice Jackson is not obiter, there is nothing said which is in conflict with the view presented :above. He recognizes that the moral certainty required in ·criminal cases is that degree of moral certainty which is brought about by. proof beyond a reasonable doubt. But even if we are wrong about there being different degrees of moral .and reasonable certainty, the charge of the trial court in the present case is still, in our opinion, objectionable, because, after having charged the law of reasonable doubt fully and fairly, the court committed error in using the language, "But if *on the other hand* you are satisfied of their guilt to a reasonable .and moral certainty, then it would be your duty to find them .guilty." The effect of this language was to place in contrast the two degrees of proof—proof beyond a reasonable doubt,. .and proof to a reasonable and moral certainty. The charge was calculated to make the impression upon the minds of the .jury that the latter character of proof was weaker than the former, and that though they could not bring their minds to the conclusion that the accused persons were guilty beyond a reasonable doubt, yet if they were satisfied to a reasonable and moral

certainty, something less than being satisfied beyond a reasonable doubt, they would be authorized to convict. In our opinion a new trial should have been had, and the case submitted to a jury in a charge free from ambiguity on this all important matter to the accused.

Except as to the proposition above discussed, we concur in the rulings of the majority.