## SOUTHERN RAILWAY COMPANY *v.* PAYNE.

1. Section 381 of the Civil Code (1910) is not in conflict with article 6, section 8, paragraph 1, of the constitution of this State (Code, § 6526).
2. Where a militia district is abolished by being absorbed into the territory of an adjoining militia district, the commissioned notary public of the abolished district can continue legally to discharge the functions of the office until the term of his office expires.

APRIL 9, 1912.

Questions of law; from Court of Appeals.    3172.

The Court of Appeals certified to the Supreme Court the following questions:

"1.    Where a militia district is abolished by being absorbed in the territory of an adjoining militia district, can the commissioned notary public of the abolished district continue legally to discharge the functions of his office, and can he legally enter judgments after the abolition of the militia district which he was appointed to serve?

"2.    Is § 381 of the Civil Code (1910), which reads as follows: *'Making or changing districts, consequences.* If, in laying out a new district or in changing the lines of old districts, or in consolidating or abolishing old districts, the residences of justices of the peace or constables elected or appointed are included in the new district, or cut off from the district for which they were elected or appointed, they have authority to discharge their duties for the district for which they were elected or appointed, until their terms of office expire and their successors in such district are qualified, unless elected or appointed to the same office in the new district to which they are eligible,' in conflict with article 6, section 8, paragraph 1, of the constitution of this State, which provides that: 'Commissioned notaries public, not to exceed one for each militia district, may be appointed by the judges of superior

courts in their respective circuits, upon recommendation of the grand juries of the several counties. They shall be commissioned by the Governor for a term of four years, and shall be ex-officio justices of the peace, and shall be removable on conviction for malpractice in office;' for the reason that under the operation of said act, in some instances, there might or would be more than one commissioned notary public and ex-officio justice of the peace?"

*George A. H. Harris & Son,* for plaintiff in error.

*C. I. Casey* and *Ennis & Shaw,* contra.

· BECK, J. It does not seem that the statute in question (§ 381 of the Civil Code) is so clearly repugnant to the constitutional provision which it is claimed that the statute violates, as to render the statute unconstitutional and void. It is unnecessary here to restate the numerous rulings of this and other courts declaring that the presumption is always in favor of the constitutionality of a statute, that every reasonable doubt must be resolved in favor of the statute, and that the courts will not hold the statute to be invalid unless its violation of the constitution is complete and unmistakable. "'All legislative acts in violation of the constitution are void, and it is the duty of the judiciary so to declare.' But in considering and passing upon the question of the constitutionality of a law, the rule is too well established and settled to be departed from, 'that it must be made to appear that the statute, before it is declared inoperative for that cause, must be plainly and palpably in violation of the constitution.'" *McMahon* v. *Mayor, etc.,* 66 *Ga.* 222 (42 Am. R. 65). And in the case of *Nicholas* v. *Hovenor,* 42 *Ga.* 514, it was said: "Courts can not declare acts unconstitutional except in violation of the express words of the constitution. Contrary to the spirit or concealed intention is not sufficient to invoke the judicial interference; for this would be the substitution of the judgment of the court for the will of the legislature. The act of 1870 is contrary to no express words, and therefore, as invoked in this case, will be sustained by the court." The section of the constitution relied upon to show the invalidity of the statute in question (§ 6526 of the Code) provides: "Commissioned notaries public, not to exceed one for each militia district, may be appointed by the judges of superior courts . . They shall be commissioned by the Governor for a term of four years, and shall be ex-officio justices of the peace, and shall be removable on conviction

for malpractice in office." The strict words of the paragraph of the constitution just quoted prohibit the appointment of more than one commissioned notary public for each militia district; it does not in express words prohibit the exercise of the functions of that office by a commissioned notary public who has, by change of district lines, been imported into another militia district. But we do not have to thus stick in the bark in order to uphold the statute in question. The paragraph of the constitution under consideration provides further that these commissioned notaries public shall be commissioned for a term of four years, and shall be removable on conviction for malpractice in office. The constitution evidently does not contemplate the removal of a commissioned notary public for any other cause than that stated in the constitution itself. And yet, if that portion of the constitution in question be given the construction placed upon it by the party to this case attacking, on constitutional grounds, the code section under consideration, it would virtually enable certain county authorities, acting under the provisions of §§ 376 et seq. of the Code, to remove a duly appointed and commissioned notary public from his office. We think it is clear that the provision of § 381, which relates in terms to justices of the peace, includes also commissioned notaries public who are ex-officio justices of the peace, as effectually as if the words "commissioned notaries public who are ex-officio justices of the peace" had been added to the statute immediately after the words "justices of the peace," where the latter expression occurs in the statute. We are of the opinion that the legislative intent as expressed in the statute can be given effect by placing upon the statute a construction which authorizes justices of the peace and notaries public who are ex-officio justices of the peace, in any districts which have been consolidated with other districts, to continue to discharge the duties of their respective offices until their terms of office expire. Certainly it can not be said that under this construction there is any clear and palpable repugnance between the statute and the constitutional provision which it is alleged to be in violation of.

From what we have said above, it follows that the first of the two questions propounded by the Court of Appeals is answered in the affirmative; and the second, that is, the question relating to the constitutionality of § 381 of the Civil Code, is answered in the negative.                               *All the Justices concur.*