## HARRIS *v.* THE STATE.

1. It was not error to refuse the written requests to charge the jury on the subject of alibi, as set out in the first division of the opinion, in view of the general charge of the court on that subject.
2. The refusal of the request to charge as to insanity as a defense was not error, in view of the charge of the court on that subject as set out in the second division of the opinion. The failure of the court to charge on the subject of the burden of proof where insanity is set up as a defense for crime alleged to have been committed was not error under the facts of this case, in the absence of a timely request therefor.
3. The charge of the court on the necessity for corroboration of the per-

son alleged to have been raped, as set out in the third division of the opinion, was not error for any reason assigned.

4. " It is well settled that a non-expert witness may give his opinion as to the sanity of another person, based upon his acquaintance with him and the manner, appearance, and conduct of such person during the time that the witness has known him."

5. Under the evidence in this case and the general charge of the court to the jury, it was not error to refuse a request to give the following in charge: " In a rape case the identification of the accused as the person who committed the rape is of paramount importance, and should be established beyond a reasonable doubt."

6. The charge of the court with reference to incriminating admissions upon the part of the defendant, and the instruction that they might be considered as such along with the other evidence, in determining whether or not the defendant is guilty, was not error upon the ground that there was no evidence upon which to base such charge.

7. It was not error to admit in evidence certain incriminating admissions on the part of the defendant, on the ground that the foundation was not laid that such statement was freely and voluntarily made.

8. The court did not err, under the facts of this case, in admitting evidence with reference to tracks found in the vicinity of where the alleged crime was committed.

9. The 14th, 15th, and 16th grounds of the motion for new trial do not show error for any reason assigned.

10. The criticisms of the charge as set out in the 5th division of the opinion are without merit.

11. The verdict is supported by the evidence, and the court did not err in refusing a new trial. The verdict in this case is not contrary to law and evidence for the reason, as alleged, that the " evidence showing strength of mind of defendant was that of a child of eight years old, and, the law being that no child under ten years shall be convicted of any crime, therefore defendant could not be legally convicted of any crime."

12. The newly discovered evidence is impeaching in its character, and would not likely produce a different result on another hearing of the case.

. No. 3535. APRIL 10, 1923.

Indictment for rape. Before Judge Wright. Floyd superior court. December 5, 1922.

M. B. Eubanks, G. E. Maddox, W. H. Ennis, and E. C. Harris, for plaintiff in error.

George M. Napier, attorney-general, E. S. Taylor, solicitor-general, and Seward M. Smith, asst. atty.-gen., contra.

HILL, J. Robert Harris was indicted for the offense of rape alleged to have been committed upon the person of Cora Lee Brown. The jury returned a verdict of guilty, with the recom-

mendation that the punishment be a minimum of ten years and a maximum sentence of ten years; and the accused was sentenced accordingly. The defendant made a motion for new trial, which was overruled, and he excepted.

1 (1, 2, 3). The first ground of the amendment to the motion for new trial assigns error on the refusal by the court of a request to give the following in charge to the jury: " Where the physical presence of the defendant is necessary to the consummation of the alleged criminal act, as in this case, I charge you that a reasonable doubt in your minds of the defendant's presence at the time and place of the alleged commission of the offense should be resolved in favor of the defendant and would require an acquittal at your hands." And the second ground assigns error on the refusal of a request to give in charge the following: " When an alibi is set up by the defendant as a defense, while the burden of showing the truth of the alibi rests upon the defendant, he is not bound to show the truth of alibi beyond a reasonable doubt, but only to the satisfaction of the jury. He is not bound to show it by any higher proof or greater degree of evidence than is necessary to show any other material fact set up in his defense." And also in refusing a request to give the following in charge: " Touching alibi, the rule in Georgia consists of two branches: the first is, that, to overcome proof of guilt strong enough to exclude all reasonable doubt, the burden is on the accused to verify his alleged alibi, not beyond a reasonable doubt, but to the reasonable satisfaction of the jury; the second is, that, nevertheless, any evidence whatever of alibi is to be considered on the general case along with the rest of the testimony, and if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be given in favor of innocence." On the subject of alibi the court charged as follows: " The defendant has introduced evidence of an alibi. I charge you that where alibi is set up as a defense, the burden rests upon the defendant to establish his alibi by a preponderance of the testimony, to the reasonable satisfaction of the jury. If the defendant has established an alibi, and established it to the reasonable satisfaction of the jury, it would entitle him to an acquittal. I charge you that an alibi, as a defense, involves the impossibility of the prisoner's presence at the scene of the offense at the time of its commission; and the range of the evidence, in

respect to time and place, must be such as reasonably to exclude the possibility of presence. Look and see whether the defendant has established an alibi to your reasonable satisfaction, see whether it was impossible for the defendant to have been at the scene of the crime, if one was committed; and if you believe it was, and if he has established his alibi to your reasonable satisfaction, he would be entitled to an acquittal. But whether the alibi has been established or not, the law makes it your duty to take all the evidence of alibi, along with all the other evidence, to aid you, if it does aid you in any way, in determining whether or not it generates in your minds this reasonable doubt, such as I have explained to you, and which would entitle the defendant to an acquittal." We are of the opinion that the above charge covers substantially the requests to charge, and that the charge as given clearly and concisely states correct principles of law on the subject of alibi as applicable to the facts of this case. The court therefore did not err in refusing the requests.

2 (4, 5, 8). The fourth special ground of the motion assigns error upon the refusal of a request to give in charge to the jury the following: "I charge you that you should acquit the defendant because of insanity, if the facts are sufficient to raise a reasonable doubt in your minds that the offense with which he is charged was the product of mental disease." And the fifth ground likewise assigns error on the ground that the court erred in refusing a request to give the following in charge: " Even though you find that the defendant committed the crime charged against him in the indictment, yet if you find from the evidence that the mind of the defendant at the time thereof was diseased, that by reason of such mental disease his will power was then impaired, that by reason of such impairment he did not then have sufficient will power to refrain from committing the act, and that the act was the product of such mental disease, he was not responsible for that act, and it would be your duty to acquit him." And the eighth ground complains that the court failed to charge the jury that under the facts of this case the burden was upon the State to establish the mental competency or sanity of the defendant at the time complained of in the indictment; and that the record introduced shows the defendant having been committed to the State sanitarium for the insane as an insane person, leaving the pre-

sumption that the defendant was insane, and such condition having been shown to exist at the time he was so committed to such institution, the presumption of law is that he remains in such condition, until the contrary is shown; and that the burden is upon the State to remove that presumption by evidence and beyond a reasonable doubt before the defendant could be convicted in this case.

The court in charging the jury upon this branch of the case instructed them as follows: " It is insisted by the defense, if the defendant committed this crime, if one was committed, that at the time of its commission he was of unsound mind, and therefore he is not responsible for the consequences of his act. I charge you that an insane person, an idiot, or a person of unsound mind is not responsible for any criminal act he may commit; and if you should find the defendant, even though he may have committed the act charged, was at the time insane, an idiot, or of unsound mind, you could not convict him. I charge you that, in order to constitute a crime, a man must have intelligence and capacity enough to have a criminal intent and purpose; and if his reason and mental powers are either so deficient that he has no will, no conscience, no controlling power, or if through the overwhelming power of mental disease his intellectual power is for a time obliterated, he is not a responsible moral agent and is not punishable for criminal acts. I said to you a moment ago that an insane person, an idiot, or a person of unsound mind was not responsible for his criminal acts, but the test of mental capacity to commit a crime is this: whether or not the defendant, at the time of the commission of the crime, if he committed it, had mind enough to distinguish between right and wrong with reference to that particular act. If he did have mental capacity to distinguish between right and wrong with reference to that particular act, even though he may have been feeble in mind, he would be criminally responsible, and, if the evidence shows him guilty beyond a reasonable doubt, he should be convicted of the offense." We are of the opinion that the court gave the correct rule on the law of insanity as applied to this case and as many times held by this court, and therefore did not err in refusing to give the charges requested. *Beck* v. *State, 76 Ga.* 452.

But it is insisted that the court should have charged the jury,.

although not requested in writing to do so, that under the facts of this case, which showed that the defendant had been committed to the State sanitarium for the insane as an insane person, the presumption was that the defendant continued to be insane, and that the burden was upon the State to remove that presumption by evidence beyond a reasonable doubt; and it is argued that the failure to so charge the jury was error, because the court nowhere charged them as to the burden of proof upon the defense of insanity. As to the first proposition, this court held in *Quattlebaum v. State,* 119 *Ga.* 433 (7) (46 S. E. 677): " The defendant, an epileptic, was committed to the asylum, there to remain until restored to sound mind and right reason. More than a year thereafter he was openly at large, but there was no evidence as to the reason for his release. The judge charged that the jury must find that he was of sound mind at the time of the homicide, before he could be found guilty of any offense. In the absence of a special request so to do, the judge was not bound to charge on any presumption as to the continuance of insanity arising from the judgment on the proceeding de lunatico inquirendo. *Lucas v. Parsons,* 23 *Ga.* 279." There was no request so to charge in the instant case, and therefore the failure so to charge can not be held reversible error. But on the other proposition, that the court nowhere charged as to the burden of proof upon the defense of insanity, we are of the opinion that such failure is erroneous; but inasmuch as there was no request for the court to charge on the burden of proof resting upon the defendant to show insanity as a defense, such failure will not require a reversal.

3. On the trial of one charged with rape, under the evidence it was not error, as against the objection that the matters summed up by the court, if proved, did amount to a corroboration of the injured female, for the court to instruct the jury, upon the question of corroboration of the evidence of the female, as follows: " To convict him there must be some circumstances or evidence corroborating the testimony of the young lady, and what amount of corroboration is necessary is a matter for you as a trial jury to determine. Look and see if there is any evidence of resistance upon her part, of an outcry upon her part, a report as soon as the crime was committed, if committed, and whether or not her clothes were torn or disarranged, or whether there were bruises up-

on her person; and if any of those things appear from the evidence and you deem it sufficient corroboration of the girl, and if all the evidence in the case in this way convinces you beyond a reasonable doubt of the defendant's guilt, you would be authorized to convict him." *Allen* v. *State,* 155 *Ga.* 332 (116 S. E. 534).

4. Error is assigned in grounds 17 to 25, inclusive, on the ground that the court admitted evidence of certain witnesses, substantially to the same effect, the evidence of one being given as a fair sample of what each one testified: "I have known Robert Harris nearly all of his life. I have seen him quite a bit; have not talked with him very much; have not had occasion to observe his actions among his fellow men. I have never noticed him around them. I have talked with him. From my observation of him and conversations I have had with him, I would say that he has perception enough to know right from wrong, especially as regards the crime of rape." This evidence was admitted over the objection of defendant's counsel that sufficient preliminaries had not been shown upon which the witness could base an opinion as to defendant's sanity, which objection the court overruled and admitted the evidence. In *Glover* v. *State,* 129 *Ga.* 717 (5) (59 S. E. 816), this court held: "It is well settled that a non-expert witness may give his opinion as to the sanity of another person, based upon his acquaintance with him and the manner, appearance, and conduct of such person during the time that the witness has known him." We are of the opinion that the court did not err in admitting the evidence objected to for any reason assigned. *Frizzell* v. *Reed,* 77 *Ga.* 724.

5. The assignments of error in grounds 26, 27, and 28 of the motion for new trial on certain charges of the court are without merit. These charges state correct principles of law as applicable to the facts of this case. The charges complained of are as follows: "I charge you, that, in order to constitute a crime, a man must have intelligence and capacity enough to have a criminal intent and purpose; and if his reason and mental powers are either so deficient that he has no will, no conscience, no controlling power, or if through the overwhelming power of mental disease his intellectual power is for a time obliterated, he is not a responsible moral agent and is not punishable for criminal acts." "You take the case, apply the rules of law given you in charge,

and find the truth of this issue; and if you find, to the degree of certainty I have explained to you, this defendant, in this county, at any time within four years prior to the finding of this bill of indictment, forcibly and against the will of the young lady alleged to have been assaulted, had sexual intercourse with her, carnal knowledge of her, you ought to convict him; otherwise you ought to acquit him." "Look to the evidence and see whether or not this defendant assaulted Cora Lee Brown, as alleged in the indictment, and, if. he did, see whether forcibly and against her will he had carnal knowledge of her, see whether his private parts penetrated her private parts, and see whether this was done without her consent, forcibly and against her will. If so, he would be guilty; otherwise, he would not."

6. The headnotes not specifically dealt with in the opinion do not require elaboration.

*Judgment affirmed. All the Justices concur.*