## HAMILTON *v.* THE STATE.

No. 7515.   JANUARY 15, 1930.   REHEARING DENIED FEBRUARY 22, 1930.

*Len B. Guillebeau,* for plaintiff in error.

*George M. Napier, attorney-general, John A. Boykin, solicitor-general, T. R. Gress, assistant attorney-general, J. W. LeCraw,* and *E. A. Stephens,* contra.

HINES, J. The defendant was indicted for rape. The jury found him guilty, and fixed his punishment in the penitentiary at from 18 to 20 years. He moved for a new trial upon the general grounds, and upon two special grounds.

■ The court gave in charge to the jury the following instruction: "Generally the testimony of a single witness is sufficient to establish a fact. There are certain exceptions in the law to this general rule, and one of these exceptions is that the jury would not be authorized to convict the defendant of the offense or crime charged in this indictment on the uncorroborated testimony of the alleged victim. Before you would be authorized to convict the defendant of rape upon the testimony of the victim alone, it would

be necessary that the testimony of the alleged victim should be corroborated by other evidence tending to show to the satisfaction of the jury that the crime of rape had been committed as charged, and that the alleged victim made some outcry or told of her alleged injury promptly, or her clothing was torn or dismantled, or that her person showed signs of violence, or there were other circumstances which tended to corroborate her story in the opinion of the jury; of all of which you gentlemen are to be the judges." The defendant excepts on the grounds that this instruction is argumentative and prejudicial; (c) that the court invaded the province of the jury in instructing them as a matter of law that satisfactory proof of any of the circumstances stated would be sufficient corroboration of the testimony of the female to authorize a conviction of the defendant; that the court expressed or intimated an opinion as to what had been proved; that the charge limited the corroboration of the testimony of the alleged victim to proof of the corpus delicti, and did not require any corroboration of the testimony of the alleged victim as to the identity of the person who committed the crime; and that the court instructed the jury what weight and credit should be given to the circumstances stated.

This instruction was not erroneous, as against the defendant, for any of the reasons assigned. It was not argumentative. The court did not instruct the jury that as a matter of law satisfactory proof of any of the stated circumstances would be sufficient corroboration of the testimony of the alleged victim to authorize the conviction of the defendant. The judge expressly told the jury that they would not be authorized to convict the defendant of the offense charged upon the uncorroborated testimony of the female alleged to have been raped; that, before they would be authorized to convict the defendant of the offense charged, it would be necessary that her testimony should be corroborated by other evidence tending to show to the satisfaction of the jury that the crime of rape had been committed as charged, and that the female made some outcry or told of her alleged injury promptly, or her clothing was torn or dismantled, or that her person showed signs of violence, or there were other circumstances which tended to.corroborate her testimony in the opinion of the jury; of all of which the jury were to be the judges. Thus the court left for the determination of the jury the question whether the circumstances were sufficient to corroborate

the testimony of the alleged victim. The instruction did not express or intimate any opinion by the trial judge upon what had been proved. The charge was not erroneous because it limited the required corroboration of the alleged victim to proof of the corpus delicti, and did not require any corroboration of her testimony as to the identity of the perpetrator of the crime. The judge expressly instructed the jury that before they could convict the defendant it would be necessary that the testimony of the alleged victim should be corroborated by other evidence tending to show to the satisfaction of the jury "that the crime of rape had been committed as charged." The indictment charged the defendant with the commission of rape. The instruction given required corroboration not only of the commission of the crime, but of the identity of the defendant as the perpetrator thereof.

In *Allen* v. *State,* 155 *Ga.* 332 (116 S. E. 534), this court held that it was not error to charge the jury in a rape case as follows: "You may see whether there was an outcry upon her part at the time of the alleged crime, if there was any crime committed; see whether she made a report of the crime, made an outcry, or told it shortly thereafter; and see whether or not she is corroborated by the fact that her private parts were torn and lacerated, and whether she was or was not bleeding." This court held that such instruction did not express or intimate an opinion upon the evidence, and did submit to the jury the question whether there was proof of the alleged corroborating facts. A similar instruction to the jury was approved by this court in *Harris* v. *State,* 155 *Ga.* 405, 410 (117 S. E. 460). Under the rulings in the cases cited the charge complained of in this ground of the motion for new trial was not erroneous as against the defendant.

There is no conflict between our ruling in this case and that in *Fields* v. *State,* 2 *Ga. App.* 41 (58 S. E. 327), where the Court of Appeals held that it was not error, in a case of assault with intent to rape, to refuse to charge that the accused should not be convicted upon the testimony of the woman alone, unless she made some outcry or told of the injury promptly, or her clothing was torn or disarranged, or her person showed signs of violence, or there were other circumstances which tended to corroborate her story. If the instruction dealt with by the Court of Appeals had been given, the trial judge would, in effect, have instructed the jury that

the defendant could be convicted upon proof of either of the corroborating circumstances enumerated in the refused instruction. The Court of Appeals properly held that "the particular circumstances which may tend to corroborate a witness, and the number of such circumstances necessary to produce that result, are wholly matters for the jury."

■ The court instructed the jury as follows: "I instruct you gentlemen that the word 'forcibly,' as used in this definition of rape, does not necessarily imply the positive exercise of actual physical force in the act of compelling a submission of the female to sexual connection, if any, but that force or violent threats as a result of non-compliance and for the purpose of preventing resistance, or extorting consent, if it be such as to create a reasonable apprehension of dangerous consequences or great bodily harm, or to overpower the mind of the woman so that she dare not resist, is equivalent to force actually exerted; but that force, actual or constructive, is an essential element in the crime of rape, and you must be satisfied that the female's failure to resist arose from the threats · of violence which had the effect of overpowering her will to resist, and that she failed to resist through fear of such threats." To this instruction the defendant excepts upon the grounds that it was argumentative and prejudicial, and that the court therein expressed or intimated his opinion as to what had been proved. The defendant especially excepts to the language "threats of violence which had the effect of overpowering her will to resist, and that she failed to resist through fear of such threats," upon the ground that it amounted to an expression of opinion that the defendant used threats to induce the alleged victim to yield to sexual intercourse with him, and that she failed to resist because of such threats. The instruction did not express or intimate an opinion upon the evidence (*Allen* v. *State,* supra), and was not argumentative.

■ The evidence authorized the conviction.

*Judgment affirmed. All the Justices concur.*