MILLS *v.* THE STATE.

DUCKWORTH, Justice. 1. The instruction of the court that, "It is not necessary that the corroborating evidence, if any, should be of itself sufficient to show the defendant's guilt beyond a reasonable doubt. The jury would be authorized to convict the defendant if they are satisfied of his guilt beyond a reasonable doubt from all of the evidence, that of the female alleged to have been raped and the corroborating evidence, if any, taken together and considered along with the statement of the defendant"—was not, by reason of including the words "if any," harmful error requiring a reversal for the reason that, as contended by the plaintiff in error, it amounted to a charge that the jury, if satisfied of the defendant's guilt, should convict him regardless of whether there was any corroborating testimony or not, since the court, immediately before such instruction, specifically charged the jury that: "Before you would be authorized to convict the defendant, there must be other evidence independent of that of the female alleged to have been raped [naming her], sufficient to connect the accused with the offense charged, and all the evidence taken together must convince your minds beyond a reasonable doubt of the guilt of the accused. It is for the jury to determine whether the testimony of the female alleged to have been raped [naming her], has been so corroborated or not."

2. The charge of the court—that, "On the question of corroboration, you may look to all of the facts and circumstances of the case and see if [the victim] made an outcry at the time the crime was committed, if one was committed, and whether or not she made a report soon thereafter, and whether or not her clothes were torn or her body or person bruised or bleeding, or her private parts injured or bloody, or if there was a struggle, and then determine whether or not her testimony has been corroborated sufficiently to convince your minds beyond a reason-

able doubt of the guilt of the accused"—was not, under the evidence, error for the reason urged by the plaintiff in error that it selected and picked out portions of the testimony and directed the jury's attention thereto, and thus gave undue and prejudicial notice and publicity of the same to the jury, and in effect instructed them that such evidence was sufficient to corroborate the victim's testimony, and amounted to an expression of opinion of the evidence most favorable to the contentions of the State and against those of the defendant, but, under the evidence, was an appropriate and legal charge. See *Allen* v. *State*, 155 *Ga.* 332 (116 S. E. 534); *Harris* v. *State*, 155 *Ga.* 405, 410 (3) (117 S. E. 460); *Hamilton* v. *State*, 169 *Ga.* 826 (151 S. E. 805).

3. "Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." Code, § 38-122. The burden is on the accused to sustain his defense of alibi to the reasonable satisfaction of the jury in order to overcome proof of his guilt of the crime with which he is charged. *Harrison* v. *State*, 83 *Ga.* 129 (3) (9 S. E. 542); *Bone* v. *State*, 102 *Ga.* 387, 392 (30 S. E. 845); *Collier* v. *State*, 154 *Ga.* 68 (6) (113 S. E. 213). Accordingly, where there was evidence for the State fixing the time of the commission of the alleged crime at the home of the victim in or at Duluth, Georgia, between 8:30 and 10:30 o'clock at night, and the accused was found at her home shortly after she had eluded him and reported the alleged crime to a neighbor at about 10:30 o'clock, testimony of several witnesses for the accused that they saw him at about 9:45 o'clock the same night in front of a drugstore in Buford, Georgia, where a bus stops and customarily departs for Duluth at about 10 o'clock, did not, without evidence that the time at Buford was of the same measure as the time at Duluth, show impossibility of the accused's presence at the scene of the alleged crime at the time of its commission, and in the absence of a special request to charge, the court did not err in failing to charge the law of alibi. *Mathis* v. *State*, 153 *Ga.* 105 (111 S. E. 567); *Ethridge* v. *State*, 163 *Ga.* 186 (14) (136 S. E. 72); *Jackson* v. *State*, 172 *Ga.* 575 (3) (158 S. E. 289); *Latimer* v. *State*, 188 *Ga.* 775, 778 (4 S. E. 2d, 631).

4. The evidence authorized the verdict, and the court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 15114. APRIL 4, 1945.

214

*W. L. Nix* and *A. G. Liles,* for plaintiff in error.

*T. Grady Head, attorney-general, Hope D. Stark, solicitor-general, Charles C. Pittard,* and *Victor Davidson, assistant attorneys-general,* contra.