PORTER *v.* THE STATE.

No. 15327.   JANUARY 15, 1946.

*James R. Venable, Frank A. Bowers, Frank Grizzard,* and *Jackson L. Barwick,* for plaintiff in error.

*Eugene Cook, Attorney-General, E. E. Andrews, Solicitor-General, Durwood T. Pye, Paul Webb, and L. C. Groves, Assistant Attorney-General, contra.*

DUCKWORTH, Justice. (After stating the foregoing facts.)
■ The charge of the court on corroboration, complained of in special ground 1 of the motion for new trial, is not subject to the objections urged that there was no evidence on which to base it, and that it was confusing and misleading to the jury, harmful and prejudicial, and tended to impress the jury with the fact that there was such evidence of corroboration. The court elsewhere charged that they were the exclusive judges of the credibility of the witnesses, and in the particular excerpt properly submitted to the jury the question whether there was sufficient corroboration of the testimony of the alleged victims. *Allen* v. *State,* 155 *Ga.* 332 (116 S. E. 534); *Harris* v. *State,* 155 *Ga.* 405 (117 S. E. 460); *Hamilton* v. *State,* 169 *Ga.* 826 (151 S. E. 805); *Rider* v. *State,* 196 *Ga.* 767 (7) (27 S. E. 2d; 667). There was evidence justifying the use of the illustrations complained of, but even if there had not been, the use of such illustrations of corroboration, by way of example in connection with a correct principle of law, would not be error where as here they had no tendency to mislead the jury, the court not having used them in such manner as to imply that they were intended to be used as facts which had been proved by the evidence. *Sharpe* v. *State,* 48 *Ga.* 16; *Parker* v. *Glenn,* 72 *Ga.* 637 (5-a); *Central Railroad &c. Co.* v. *Smith,* 80 *Ga.* 526. (4) (5 S. E. 772); *Collier* v. *State,* 154 *Ga.* 68, 78 (2) (113 S. E. 213).

■ The charge complained of in special ground 2 of the motion for new trial was not error for the assigned reasons that it tended to mislead and confuse the jury, was prejudicial and an incorrect statement of the law, and tended to distract from and nullify the charge of the court as to the weight to be given the defendant's statement, viz., that it might be believed in whole or in part or in preference to the sworn testimony. *McTyier* v. *State,* 91 *Ga.* 254 (7) (18 S. E. 140); *Merritt* v. *State,* 152 *Ga.* 405 (4) (110 S. E. 160); *Pierce* v. *State,* 66 *Ga. App.* 737, 741 (19 S. E. 2d, 192).

■ "Rape is the carnal knowledge of a female forcibly and against her will." Code, § 26-1301. The evidence for the State clearly showed that the defendant committed the offense of rape

upon the female named in count 1 of the indictment, and that he was present, aiding and abetting another who committed the offense of rape upon the female named in count 2 of the indictment. The defendant by his statement and witnesses introduced in his behalf sought to establish an alibi. "Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to the time and place, must be such as reasonably to exclude the possibility of presence." Code, § 38-122. The burden is on the accused to sustain his defense of alibi to the reasonable satisfaction of the jury in order to overcome proof of his guilt of the crime with which he is charged. *Harrison* v. *State,* 83 *Ga.* 129 (3) (9 S. E. 492); *Bone* v. *State,* 102 *Ga.* 387, 392 (30 S. E. 845); *Collier* v. *State,* 154 *Ga.* 68 (6) (113 S. E. 213); *Mills* v. *State,* 199 *Ga.* 211 (33 S. E. 2d, 702). The jury were authorized to find that the defendant had not established his alibi, they being the judges of the credibility of the witnesses and of the weight to be given the defendant's statement, and that he had not overcome the prima facie case made by the State under each count of the indictment, and accordingly to return a verdict of guilty as charged in each count. *Albritton* v. *State,* 175 *Ga.* 891, 894 (166 S. E. 643); *Whitley* v. *State,* 188 *Ga.* 177 (3 S. E. 2d, 588). While it was shown by the evidence that the actual perpetrator of the offense of rape upon the female named in count 2 of the indictment was one other than the defendant here, the evidence was sufficient to authorize the jury to find that he was present, aiding and abetting in the commission of the crime; and, since in a rape case the punishment of such a principal in the second degree is the same as that of a principal in the first degree, an indictment charging him as a principal in the first degree is supported by evidence showing him to be a principal in the second degree. *Hatcher* v. *State,* 176 *Ga.* 454, 464 (168 S. E. 278), and cases cited.

In the present case no contention is made that, in order to convict the defendant as principal in the second degree, the guilt of the principal in the first degree must be shown by the introduction of the record of his indictment and verdict of guilty. That one indicted as the principal perpetrator of a crime may be convicted as a principal in the second degree where the facts on his trial

show that the crime was committed by another and the defendant was present, aiding and abetting in the felonious design, has been ruled in innumerable decisions of this court, among which are: *Hill* v. *State,* 28 *Ga.* 604; *Leonard* v. *State,* 77 *Ga.* 764; *Collins* v. *State,* 88 *Ga.* 347 (14 S. E. 474); *McLeod* v. *State,* 128 *Ga.* 17 (3) (57 S. E. 83); *Bradley* v. *State,* 128 *Ga.* 20 (3) (57 S. E. 237); *Johnson* v. *State,* 148 *Ga.* 546 (2) (97 S. E. 515); *Rawlings* v. *State,* 163 *Ga.* 406, 422 (136 S. E. 448); *Hatcher* v. *State,* supra; *Nelson* v. *State,* 187 *Ga.* 576, 580 (2) (1 S. E. 2d, 641); *Adkins* v. *State,* 187 *Ga.* 519 (1) (1 S. E. 2d, 420); *Screws* v. *State,* 188 *Ga.* 678 (2) (4 S. E. 2d, 601); *Bruno* v. *State,* 189 *Ga.* 74 (3) (5 S. E. 2d, 376). In *Nelson* v. *State,* supra, it was pointed out that this principle was reasserted in *Johnson* v. *State,* 151 *Ga.* 21 (2) (105 S. E. 603), where *Washington* v. *State,* 36 *Ga.* 222, and *Shaw* v. *State,* 40 *Ga.* 120, holding otherwise, were reviewed and expressly overruled in so far as they were in conflict with what was ruled in the *Johnson* case, and it was stated in that case that they were at variance with the older case of *Hill* v. *State,* supra. The cases which we have cited as stating the true rule do not hold that it is necessary that an *antecedent conviction* of the actual perpetrator of the crime be shown. Of course, the guilt and conviction of the principal in the first degree may be shown by introducing in evidence the record of his indictment and the verdict of guilty. *Studstill* v. *State,* 7 *Ga.* 2 (4); *Morris* v. *State,* 54 *Ga.* 440; *Bruce* v. *State,* 99 *Ga.* 50 (25 S. E. 760); *Lewis* v. *State,* 136 *Ga.* 355 (2) (71 S. E. 417); *Jones* v. *State,* 181 *Ga.* 19 (1) (181 S. E. 80). We make these observations for the reason that in *Douberly* v. *State,* 184 *Ga.* 577, 578 (192 S. E. 226), where three persons were jointly indicted for murder, it was said in the opinion that, "in order to make out its case against this defendant as principal in the second degree, it was necessary that the guilt *and conviction* of the principal in the first degree be shown" (italics ours); and, while we do not disapprove the judgment of affirmance in that case, we take this occasion to express our disapproval of the quoted statement, it being an erroneous view of the law. In support of this statement, *Jones* v. *State,* 64 *Ga.* 697, *Howell* v. *State,* 160 *Ga.* 899 (9) (129 S. E. 436), and *Rawlings* v. *State,* 163 *Ga.* 406, 426 (156 S. E. 448), were cited. This decision was concurred in by only five

Justices and is not binding upon us in so far as the erroneous statement as to prior conviction of the principal in the first degree is concerned. The statement quoted is unsound in law, and is unsupported by any of the cited cases, and an examination of them will so readily disclose this fact that no demonstration here is necessary. As pointed out in *Harris* v. *State,* 191 *Ga.* 243, 252 (12 S. E. 2d, 64), this court ruled in *Rawlings* v. *State,* 124 *Ga.* 31 (52 S. E. 1), that a principal and an accessory before the fact to robbery by force may be charged in the same indictment, and that it must necessarily be inferred from that decision that the court did not consider the previous conviction of the principal to be an essential allegation in an indictment against an accessory. In *Hill* v. *State,* 28 *Ga.* 604, it was ruled that, where the indictment charges the accused jointly with another as principal, and where the evidence shows that another inflicted the mortal blow, the accused being present, aiding and abetting, both are principals in law, as well as in fact, and the stroke of one being the stroke of the other, a verdict finding the former guilty as a principal in the second degree is not illegal and will not require the grant of a new trial. As pointed out in *Nelson* v. *State,* 187 *Ga.* 576, 581 (1 S. E. 2d, 641), in *Johnson* v. *State,* 151 *Ga.* 21 (105 S. E. 603), in following the above ruling, *Washington* v. *State,* 36 *Ga.* 222, and *Shaw* v. *State,* 40 *Ga.* 120, holding otherwise, were reviewed and expressly overruled in so far as they were in conflict with the older case. Where a principal in the first degree has not been convicted, in an indictment charging another person jointly with him as principal, there could be no truthful allegation of prior conviction of a principal in the first degree because obviously he could not be convicted before indictment. Since the State's proof is never required to go beyond the allegations of the indictment, the law does not demand, in order to sustain a conviction of a principal in the second degree, either an allegation in the indictment or evidence of the conviction of the principal in the first degree. However, where one is indicted as a principal in the second degree it is positively required that an allegation and proof of the *guilt* of the principal in the first degree be made. This requirement does not spring from some insubstantial legalistic theory, but is a simple and just demand that the basic crime be fully charged and proved, since the fact of the guilt

of the principal in the second degree necessarily depends upon the guilt of the principal in the first degree. Whether the principal in the first degree be convicted or acquitted, can not in the remotest extent diminish the demand of the law and of society that the principal in the second degree be convicted if the evidence shows him guilty. Though the principal in the first degree may subsequently be acquitted by a jury, in spite of the fact that the evidence authorizes a verdict of guilty, this failure of justice would not render unjust or regrettable the previous conviction of the principal in the second degree where that conviction is sustained by evidence. His evil design and criminal conduct are condemned and punished by the law, and his offense is unmitigated and society is no less injured by his acts because the principal may himself escape conviction. Thus it should be clear that, in order to convict a principal in the second degree, reason and justice could demand no more than that the indictment charge and the evidence show the *guilt* of the principal in the first degree. The law requires no more.

*Judgment affirmed. All the Justices concur.*