## KETTLES v. THE STATE.

1. The demurrer to the indictment was properly overruled.
2. The excerpts from the charge, complained of in grounds 3 to 8, inclusive, of the motion for new trial, contained correct principles of law applicable to the case, and did not invade the province of the jury.
3. On the trial of one charged with crime, the fact of his flight may be given in evidence, to be considered by the jury; but at most it is only a circumstance to be considered on the issue as to the guilt of the accused. It was an unauthorized expression of opinion in this case for the judge to instruct the jury: "I charge you that flight unexplained is a circumstance pointing to defendant's guilt."
4. Other grounds of the motion for new trial are without merit, and are not of such character as to require elaboration.

MARCH 15, 1916.

Indictment for murder. Before Judge Fite. Whitfield superior court. December 10, 1915.

*J. J. Copeland, S. R. Maddox,* and *Maddox, McCamy & Shumate,* for plaintiff in error. *Clifford Walker, attorney-general, J. M. Lang, solicitor-general, A. L. Henson,* and *Mark Bolding,* contra.

ATKINSON, J. 1. The indictment charged Jim Kettles with the offense of murder, alleging "that the said Jim Kettles, on the 14th day of October, in the year 1915, in the county aforesaid, did then and there unlawfully and with force and arms, in and upon one Will Gordy, a human being, in the peace of the State, make an assault, and did then and there unlawfully, wilfully, and feloniously, with malice aforethought, kill and murder him, the said Will Gordy, by shooting him in the neck, in the chest, and in the body with a certain loaded pistol and with a certain loaded gun, and by striking him on the head and on the body and on the limbs with a certain wooden stick, the same being a weapon likely to produce death, and which did produce death, thereby inflicting certain mortal wounds, from which mortal wounds the said Will Gordy then and there died, contrary to the laws of said State, the good order, peace, and dignity thereof." The defendant demurred to the indictment, on the grounds: (*a*) The allegations were insufficient to charge the offense of murder. (*b*) The indictment did not sufficiently allege the time at which the deceased was struck with the stick. (*c*) The indictment did not allege which, "the shooting or striking deceased with the stick," caused the death. By reference to the indictment it readily appears that there was no merit in any of the grounds of demurrer.

2. A conspiracy may be shown by circumstantial as well as by direct evidence. *Weaver* v. *State,* 135 *Ga.* 317 (69 S. E. 488). Where two persons are jointly indicted for murder, each may be convicted upon evidence showing that he was either the absolute perpetrator of the crime or was present aiding and abetting the other in its commission. As principals in the first and second degrees in the crime of murder are punished alike, no distinction between them need be made in the indictment. *Bradley* v. *State,* 128 *Ga.* 20 (57 S. E. 237); *McLeod* v. *State,* 128 *Ga.* 17 (57 S. E. 83). Under the principle above announced, where a defendant was indicted alone for murder alleged to have been committed by shooting and by striking the deceased with a stick, and the evidence admitted tended to show that the deceased was killed in the manner alleged, the shot having been fired by another than the defendant, and the stroke with the stick given by the defendant, and there being other evidence of circumstances tending to show a conspiracy between the two to kill the deceased, the defendant could be convicted of the murder of the deceased, notwithstanding he was indicted alone for murder, and in the indictment there was no charge that he was a principal in the second degree. *Washington* v. *State,* 36 *Ga.* 222 (2). There was evidence to authorize the charge on the subject of conspiracy. This ruling does not conflict with that made in *Brooks* v. *State,* 128 *Ga.* 261 (57 S. E. 483, 12 L. R. A. (N. S.) 889), where, under different facts, it was held that the court committed error in declining a request to charge the jury to the effect that mere presence and participation in the act of killing a human being is not conclusive evidence of consent and concurrence in the perpetration of the act by a defendant sought to be held responsible for the homicide as aiding and abetting the perpetrator, unless the defendant participated in the felonious design of the person killing. As the judgment will be reversed on another ground, and the case may be tried again, we will not enter into a discussion of the evidence to show its sufficiency to prove a conspiracy to take the life of the deceased. The several excerpts from the charge, which were contained in grounds 3 to 8, inclusive, were in accord with the foregoing principles, and were applicable to the case. The judge did not express any opinion on the facts, and those portions of the charge were not erroneous on any of the grounds of exception.

3.  In the 11th ground of the motion for new trial complaint was made of the following charge: "It is insisted that at the time the alleged offense was committed the defendant fled from the scene of the crime, and that is a circumstance of guilt against him; but if it was explained to your satisfaction, then you wouldn't use that as a circumstance against him. I charge you that flight unexplained is a circumstance pointing to defendant's guilt." The criticisms upon the charge alleged that it amounted to an expression of opinion by the court, for the reason that flight may or may not be a circumstance of guilt, and the jury should be left to consider the evidence as to flight without the expression of an opinion by the court that flight unexplained is a circumstance pointing to the defendant's guilt. In *Smith* v. *State,* 106 *Ga.* 673 (32 S. E. 851, 71 Am. St. R. 286), it was said: "The fact that one who has done an act which may amount to a crime immediately flees may always be given in evidence as tending to show guilt, but should always be considered by the jury in connection with the motive that prompted it, and at most is only one of a series of circumstances from which guilt may be inferred." In *Sewell* v. *State,* 76 *Ga.* 836, it was said: "The evidence in this case was ample to sustain the conviction; and there was no error in the charge that if the prisoner fled, his flight was a circumstance that could be considered by the jury in determining his guilt, unless it was shown to be from another cause than from a sense of guilt, or was otherwise explained." In *Smith* v. *State,* 63 *Ga.* 168 (18), it was said: "There being evidence of flight to avoid arrest, it was not error to charge the jury, 'that it is allowed to be proved, when a party attempts to escape or get out of the way of an arresting officer; that is only a circumstance which is allowed to be considered by the jury, like other circumstances, looking to all the surroundings, etc., at the time.' The court having so charged, it was not error to decline to add, at the prisoner's written request, 'that flight is very slight evidence of guilt in any case, and ought not to weigh anything when satisfactorily explained.' Whether a given fact is evidence or not is for the court, but whether it is slight, or what weight it should have, is for the jury." In *Poe v.* State, 123 Iowa, 118 (98 N. W. 587, 101 Am. St. R. 307), it was said: "Flight is not presumptive evidence, but is only a circumstance to be considered in connection with the other evidence in

arriving at the guilt or innocence of the defendant." Under the foregoing authorities, the language employed in the last sentence of the excerpt from the charge of the court set out above, namely, "I charge you that flight unexplained is a circumstance pointing to defendant's guilt," was erroneous as amounting to an unauthorized expression of opinion on the weight of the evidence.

4. Grounds of the motion for new trial not hereinbefore dealt with are without merit, and are not of such character as to require elaboration.

*Judgment reversed. All the Justices concur.*