### JOHNSON *v.* THE STATE.

ATKINSON, J. 1. Where a number of persons were jointly indicted as principals for murder, and before arraignment a plea in abatement was filed by all of them, with a prayer to quash the entire indictment, on the ground that there was no evidence before the grand jury connecting one of the defendants other than the one on trial with the murder, but there was nothing in the plea alleging that there was no evidence before the grand jury connecting the defendant on trial with the mur-

der, the court did not err in sustaining a demurrer to such plea in abatement. *Chapman* v. *State*, ante, 531 (97 S. E. 546).

2. Where several persons are jointly indicted for murder, each may be convicted of that offense upon evidence showing that he was either the absolute perpetrator of the crime or was present aiding and abetting the other in its commission. *Kettles* v. *State*, 145 *Ga*. 6 (88 S. E. 197), and cases cited; *Collins* v. *State*, 88 *Ga*. 347 (14 S. E. 474), distinguishing *Washington* v. *State*, 36 *Ga*. 222. The charge of the court upon which error was assigned in one ground of the motion for new trial correctly applied the principle just stated.

3. The evidence for the State tended to show that Dr. C. K. Chapman fired the fatal shot, and that the defendant on trial, W. I. Johnson, was present aiding and abetting. The judge instructed the jury, in effect, that in order to convict Johnson they must believe from the evidence in the case that Chapman had murdered the deceased, and that Johnson was present aiding and abetting Chapman in the commission of the act. In the part of the charge referred to there was no instruction to the jury upon the subject of reasonable doubt as to Chapman having committed the murder. In other portions of the charge the judge instructed the jury: "The defendant on trial is presumed by law to be innocent, and that presumption remains with him until his guilt is established by evidence beyond a reasonable doubt, and to the exclusion of every other reasonable hypothesis. The court instructs you further that if from the testimony you are not satisfied, under the rules given you in charge, that Charles K. Chapman was guilty, the defendant on trial would be entitled to an acquittal." *Held*, that if the accused desired a more specific instruction as to the necessity of believing Chapman guilty beyond a reasonable doubt as a condition precedent to the conviction of the accused, an appropriate request should have been made.

4. A trial judge should not give a charge which is argumentative or expressive of an opinion on the facts of the case. Accordingly the judge properly refused a request to charge thus: "In passing upon this case, gentlemen, and passing upon the testimony and the guilt or innocence of the accused, you may inquire whether there was any motive on the part of the defendant to induce him to take the life of the deceased, and, if there was any motive, what that motive was. If you find there was no motive, or no motive was shown on the part of the defendant to commit the act, you should consider it in deciding whether the defendant is guilty or not; for the absence of a motive to commit the offense charged affords a strong presumption of innocence."

5. Other grounds in the motion for new trial, relative to the charge and omissions to charge, and to rulings on the admissibility of evidence, are not of such character as to require special reference, and none of them show cause for a reversal.

6. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

           *Judgment affirmed. All the Justices concur, except*

ATKINSON, J., dissenting. The ruling announced in the first headnote has not the writer's concurrence.

           No. 949. NOVEMBER 15, 1918.

Indictment for murder.    Before Judge Thomas.    Sumter superior court.    April 10, 1918.

*L. J. Blalock, George C. Palmer,* and *Wallis & Fort,* for plaintiff in error.

*Clifford Walker,* attorney-general, *John A. Fort,* solicitor-general, *Hixon & Pace, Jule Felton,* and *M. C. Bennet,* contra. .