### 16237. BULLARD v. THE STATE.

1. Where a crime capable of being committed by one person alone is in point of fact committed by two persons acting jointly and with a common purpose, one as principal in the first degree and the other as principal in the second degree, the offenders may be indicted either jointly or separately; and where the principal in the second degree is indicted separately, he may be treated in the indictment as if he were the absolute and sole perpetrator of the crime, no reference therein to any other participant in the crime being necessary; and, where so indicted, the principal in the second degree may be convicted upon proof alone that he was present actually or constructively at the scene of the crime, aiding and abetting its commission by his confederate, who was the actual perpetrator thereof.

2. The evidence, being wholly circumstantial, and failing to exclude every reasonable hypothesis save that of the defendant's guilt, did not authorize the verdict.

DECIDED JULY 15, 1925.

Conviction of assault with intent to murder; from Cobb superior court—Judge Blair. January 17, 1925.

*Fred Morris, John T. Dorsey, W. W. Mundy,* for plaintiff in error.

*John S. Wood, solicitor-general, Mozley & Gann,* contra.

LUKE, J. Ruth Bullard was convicted of assault with intent to murder D. D. Bullard, by shooting him with a shotgun, and she excepts to the judgment overruling her motion for a new trial.

1. The accused was indicted separately. The indictment makes no reference to the degree of her guilt, or to her having acted jointly and in concert with any other person, or to her having merely been present at the scene of the alleged crime, aiding and abetting another in its commission. Upon the trial the State contended, and undertook to prove, that one Sim Edwards was the actual perpetrator of the crime, and to show that Ruth Bullard, the wife of the person assaulted, had confederated and conspired with Edwards to have her husband killed and was present at the scene of the shooting, secretly aiding and abetting Edwards in the act to be done. She objected to the evidence offered to show such a conspiracy, and excepts to the charge of the court on the subject of conspiracy, on the ground that the indictment contains no allegation to authorize it. She contends also that proof alone of her presence at the scene of the crime, aiding and abetting another in its commission, will not support a conviction on such an indictment. The case was tried throughout as if the indictment had been against Ruth Bullard and Sim Edwards jointly; and, in our opinion, it was properly so tried.

Formerly, there was some confusion in the decisions of this State on the point here in question. In the early case of *Hill* v. *State*, 28 *Ga.* 604, where the controlling facts were identical in principle with the facts of the instant case, it was held, with one judge dissenting, that "the variance was immaterial; both being principals in law, as well as in deed; and the stroke of one being in law the stroke of the other." In the later case of *Washington* v. *State*, 36 *Ga.* 222 (2), the controlling facts of which were also identical in principle with the facts of the instant case, it was held that proof alone of the defendant's presence, aiding and abetting in the alleged crime, would not support a conviction on the indictment. It was also held in some of the earlier decisions, including *Shaw* v. *State*, 40 *Ga.* 120, that even where two persons were jointly indicted as the absolute perpetrators of the alleged offense, neither of them could be convicted as a principal in the second degree. The rule in *Shaw's* case was, however, abandoned as early as *Dumas* v. *State*, 62 *Ga.* 58 (5), and has not been followed in

this State since that time; while recently the Supreme Court reviewed the decisions in both *Washington* v. *State* and *Shaw* v. *State,* supra, and overruled both of them in so far as they conflict with the earlier decision in *Hill* v. *State,* supra. See *Johnson* v. *State,* 151 *Ga.* 21 (2), and citations (105 S. E. 603).

Thus, the rule seems now to be well settled that, where a crime capable of being committed by one person alone is in point of fact committed by two persons acting jointly and with a common purpose, one as principal in the first degree and the other as principal in the second degree, the offenders may be indicted either jointly or separately; and where the principal in the second degree is indicted separately, he may be treated in the indictment as if he were the absolute perpetrator of the crime, without reference therein to any other participant in any degree; and, where so indicted, the principal in the second degree may be convicted upon proof merely that he was present at the scene of the crime, aiding and abetting in its commission by his confederate, who was the actual perpetrator thereof. Such presence, of course, may be either actual or constructive, the code declaring: "A principal in the first degree is the actor or absolute perpetrator of the crime. A principal in the second degree is he who is present, aiding and abetting the act to be done; which presence need not always be an actual, immediate standing by, within sight or hearing of the act; but there may be also a constructive presence, as when one commits a robbery, or murder, or other crime, and another keeps watch or guard at some convenient distance." Penal Code (1910), § 42. It follows that the indictment in the instant case was lacking in nothing necessary to render admissible proper proof of a conspiracy between the accused and another to commit the alleged offense, nor was there anything to render a charge on conspiracy inappropriate, or to create a material variance between the allegations and the proof.

2. The evidence, which was wholly circumstantial, was not sufficient to establish the guilt of the accused to the exclusion of every other reasonable hypothesis.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*