## 17639. FURNEY *et al.* v. TOWER.

1. "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the same, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." Civil Code (1910), § 4957. In the instant case it appears that the improper remarks made by counsel for the plaintiff in the hearing of the jury were subsequently withdrawn by him, and that the court properly instructed the jury that the remarks were improper, and that they should not be influenced thereby, but should be governed by the law as given them in charge by the court and applied to the facts of the case. It can not be said that the failure of the court to declare a mistrial was such abuse of discretion as requires the grant of a new trial. *R. & D. Railroad Co.* v. *Mitchell*, 92 *Ga.* 78 (2) (18 S. E. 290); *Holmes* v. *State*, 21 *Ga. App.* 150 (94 S. E. 69); *Garrett* v. *State*, 21 *Ga. App.* 801 (8) (95 S. E. 301); *Georgia Life Ins. Co.* v. *Hanvey*, 143 *Ga.* 786 (3) (85 S. E. 1036).

2. The general rule that the master is liable for the acts of his servants when done within the scope of their employment, whether the act is wilful or otherwise, is modified, as to railway cases, by section 2780 of the Civil Code (1910), which provides as follows: "A railroad company shall be liable for any damage done to persons, stock, or other property by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary care and diligence, the presumption in all cases being against the company." See

Appeal and Error, 4 C. J. p. 691, n. 86; p. 958, n. 80; p. 959, n. 81, 82; p. 1029, n. 30.

Damages, 17 C. J. p. 727, n. 2; p. 1075, n. 99.

Master and Servant, 39 C. J. p. 1273, n. 96; p. 1287, n. 33; p. 1359, n. 50; p. 1365, n. 44; p. 1366, n. 47.

New Trial, 29 Cyc. p. 776, n. 27; p. 824, n. 41; p. 827, n. 45; p. 942, n. 95.

also *Smith* v. *Savannah, Florida & Western Ry. Co.*, 100 *Ga.* 95 (27 S. E. 725). It thus follows that a railroad company is liable for "damage done by any person in the employment and service of such company," and in the scope of the company's business, irrespective of whether the act done came within the scope of the servant's particular employment, "unless the company shall make it appear that their agents have exercised all ordinary care and diligence, the presumption in all cases being against the company." Moreover, in the instant case, it being admitted by the answer of the defendants that the servant was employed by the railway company as a detective and special officer, and that it was his duty to patrol the yards of the defendant company and to exclude and remove persons from the yards and properties of the defendant company, it follows that the alleged tort was committed by the servant while in performance of the particular duty of his employment.

(*a*) The court, therefore, did not err in charging the jury that "the master is liable for the torts of the servant within the scope of the master's business, whether such torts be negligent or wilful."

(*b*) Nor was the charge of the court, to the effect that "where the master instructs a servant to do a lawful act, and the servant, while engaged in the master's business and intending to do the act authorized, is reckless in the performance of the act and inflicts injury on another, the master is liable," erroneous for the reason that the evidence failed to show any instruction to the servant to do the acts complained of. *Southern Railway Co.* v. *James*, 118 *Ga.* 340 (45 S. E. 303, 63 L. R. A. 257).

(*c*) Nor was such charge erroneous for the reason that it deprived the defendant of the defense that the company would not be liable if the act of the servant was, under the circumstances, justifiable.

3. The charge of the court on the question of damages for permanent injuries contained the inapt statement that "the jury are not restricted to any fixed rule." Section 4502 of the Civil Code of 1910 provides that "damages are given as compensation for the injury done, and generally this is the measure where the injury is of a character capable of being estimated in money." It is in the application of this rule that it is impossible to prescribe a mathematical formula by which the amount of compensation for the injury done can be measured. The expression in the charge complained of can not reasonably be considered to have been harmful or misleading, since the court, in charging the jury how the amount of damages for permanent injuries might be ascertained, clearly indicated that compensation for the injury done was what they might award. In the charge to them in this connection they were elaborately instructed upon the various contingencies which might enter into the calculation of the loss suffered by the plaintiff, including various circumstances which might be considered as resulting in a diminution of the future income of the plaintiff. They were charged that "in estimating damages, a proper allowance and deduction should be made in favor of the defendant, or defendants, for any diminution in income from labor which would have resulted, in your opinion, from any of these causes." The court also correctly charged the rule for reducing the amount of gross damages to its present cash value.

4. The charge of the court correctly instructed the jury with reference to a recovery for pain and suffering and for the plaintiff's lost time; and the failure to go further and give additional instructions, as to the measure of damages for temporary injuries in the event they might be found likely to continue for an additional limited time, was not harmful to the defendants, since any failure to charge that a recovery might be authorized for future temporary injuries could militate only against the interests of the plaintiff.

5. The evidence, while conflicting, authorizes the verdict, and the verdict can not be set aside upon the general grounds of the motion for a new trial.

DECIDED APRIL 16, 1927.

Damages; from Floyd superior court—Judge Maddox.  August 2, 1926.

Application for certiorari was made to the Supreme Court.

*Harper Hamilton, Maddox, Matthews & Owens,* for plaintiffs in error.

*Denny & Wright,* contra.

JENKINS, P. J.  The facts are set forth in the former report of this case (34 *Ga. App.* 739, 131 S. E. 177), where a verdict in favor of the plaintiff for $5,000 was set aside.

During the argument of the instant case the following statement was made to the court, by counsel for the plaintiff, in the presence of the jury: "If your honor please, this case has been to the Court of Appeals, and, by the decision, it is seen that the evidence and findings of the jury were approved in all particulars and the decision reversed on technical grounds, and I am asking this jury to find another verdict for the plaintiff in this case."  Immediately upon this statement counsel for the defendant objected thereto and moved the court to declare a mistrial.  The trial judge sent the jury to their room, and heard argument on the motion for a mistrial until late in the afternoon, and then stated that he would consider the matter over-night and would announce his decision the following morning.  The jury were then permitted to disperse, and on the following morning the judge announced that he declined to grant the motion for a mistrial, and instructed the jury as follows: "Gentlemen of the jury, on yesterday afternoon, just before we recessed, the following language was used by counsel for the plaintiff in this case, or words to this effect: 'If your honor please, this case has been to the Court of Appeals, and by the decision it is seen that the evidence and findings of the jury were

approved in all particulars, and the decision was reversed on technical grounds, and I am asking this jury to find another verdict for the plaintiff in this case.' Counsel for plaintiff have withdrawn those remarks as being improper remarks to be made in the presence of the jury, and the court now instructs you that they were improper remarks, and that you must not be prejudiced or biased in any way, shape, form, or fashion by those remarks, but should disregard them completely. In the trial of this case, whatever may have occurred in a former trial of it, you have nothing to do with that. You are trying the case now; the law of this case will be given you in charge by the judge, that you may apply it to the facts, and you are bound by that under your oaths, whether right or wrong. The evidence in this case might be entirely different, or different in material particulars, to the evidence on a former trial, and, as stated, what may have happened then, as to any former trial of this case or the result of it, you are not concerned in any way."

The trial proceeded, resulting in a verdict for the plaintiff in the sum of $2,500; and exception is now taken to the overruling of a motion for new trial filed by the defendants.

*Judgment affirmed. Stephens and Bell, JJ., concur.*