HALL *v.* THE STATE.

No. 10204. DECEMBER 12, 1934. REHEARING DENIED JANUARY 21, 1935.

W. I. *Geer* and P. Z. *Geer,* for plaintiff in error.

M. J. *Yeomans,* attorney-general, *Robert B. Short,* solicitor-general, B. D. *Murphy,* J. T. *Goree,* D. M. *Parker,* and W. H. *Miller,* contra.

HUTCHESON, Justice. Sam Hall was convicted of murder, and was sentenced to life imprisonment. A motion for new trial was overruled, and the defendant excepted.

This case has been before this court previously, 177 *Ga.* 794. The motion for new trial as now presented, besides the general grounds, contains thirty-two special grounds. Twenty-nine of these assign error because of the refusal of the court to give in charge to the jury certain requested instructions. All of these, except grounds 5, 8, 9, and 14, will be dealt with collectively. Many of the requested instructions are mere· repetitions of principles of law involved in the case. However, all of such requests, in so far as they contained correct legal principles, were sufficiently covered by the general charge; and it is well settled that the judgment will not be reversed for refusal of requests to charge, where the principle involved is covered by the general charge; and it is also true that the trial court need not repeat, upon request so to do, any particular doctrine. *Davis* v. *State,* 153 *Ga.* 669-677 (113 S. E. 11) ; *Battle* v. *State,* 105 *Ga.* 703 (32 S. E. 160).

2. Error is assigned upon the refusal by the trial court to give in charge to the jury certain requested instructions as embodied in grounds 5, 8, 9, and 14 of the motion for new trial. These requests are lengthy and in some parts argumentative, and contain no sound principles of law which were not adequately covered in the charge given. A trial judge should not give a charge which is argumentative or expressive of opinion, and he is not required to give in charge a lengthy requested instruction which is in some parts argumentative. *Johnson* v. *State,* 148 *Ga.* 546 (4) (97 S. E. 515) ; *Landrum* v. *Rivers,* 148 *Ga.* 774 (2) (98 S. E. 477). There was no error in refusing the requests.

3. In an indictment for murder, even though the evidence might be construed as indicating a lesser crime, it is correct and proper for the court to give in charge to the jury the definition of murder, as well as that of the lesser crimes. This ruling has been of force in this State since the decision rendered in the case of *Crawford* v. *State,* 12 *Ga.* 142 (6).

4. Ground 31 of the motion for new trial assigns as error the following charge of the court: "Now, gentlemen, before you can consider these instructions just given you in reference to the law of mutual combat, I caution you that you will have to be satisfied

from the evidence in the case that both deceased and this defendant were mutually agreed and willing to fight with deadly weapons upon a sudden quarrel." Plaintiff in error complains because of the use of the words "satisfied from the evidence in the case," contending that this language limited the jury to a consideration of the evidence and excluded the statement of the defendant. "An excerpt from a charge should be considered in its relation to its context; and where the context removes all probability of an erroneous impression which might be created by the excerpt as an isolated fragment, a new trial will not. be granted." *Suple* v. *State,* 133 *Ga.* 601 (66 S. E. 919). The trial judge dealt fully with the rules of law relative to the defendant's statement, and referred to it several times. This part of the charge was inaccurate, but no error is disclosed when it is considered in connection with the charge as a whole. *Davis* v. *State,* 178 *Ga.* 203 (3) (172 S. E. 559).

5. Ground 32 of the motion complains of the following charge of the court: "If you believe the defendant did shoot and kill the deceased as alleged in the bill of indictment, but if you believe he did so in defense of his own person against a violent assault sought to have been inflicted upon him by the deceased, then you should acquit the defendant;" it being contended by the plaintiff in error that the use of the word "sought" was erroneous. We can not construe this language as reversible error, for the reason that, if error at all, it was favorable and not harmful to the accused.

6. The evidence was sufficient to authorize the verdict. In the foregoing I have attempted to express the views of the court as to the law involved. I am personally of the opinion that the evidence was insufficient to authorize the conviction of the accused in this case. *Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J., and HUTCHESON, J., dissenting. The interest of justice, in our opinion, required that a new trial should have been granted.