27164. FORD *v.* THE STATE.

340

DECIDED JANUARY 18, 1939.

*R. S. Foy,* for plaintiff in error.

*W. C. Forehand, solicitor-general,* contra.

MacINTYRE, J. Bubber Ford was jointly indicted with Samp Williams for an assault with intent to murder C. H. Hardwick, the charging part of the indictment being as follows: "Did then and there unlawfully and with force and arms unlawfully, feloniously, with malice aforethought, and with a certain knife and with other sharp instruments to the grand jurors unknown, then and there held by the said Samp Williams and Bubber Ford, same being a weapon likely to produce death, on and upon one C. H. Hardwick, a human being in the peace of the State, then and there being, did make an assault with the intent, the said C. H. Hardwick to kill and murder, and the said Samp Williams and Bubber Ford, with said weapon, which he the said Samp Williams and Bubber Ford then and there held, did then and there unlawfully, feloniously, and with malice aforethought, the said C. H. Hardwick then and there cut, stab, and wound, with said weapon, on and upon his person, with the intent aforesaid." The testimony of C. H. Hardwick was: "That man, Bubber Ford, caught me in the collar and stabbed me, and I was trying to open my knife in my teeth, and when he stabbed me it just deadened [my] arm, and this other man [referring to the other defendant, Samp Williams] he went and cut me with another knife and John Marshall stopped them." The defendant contends "that such was a fatal variance between the allegations and the proof in that the allegata et probata do not correspond; the particular feature in which they do not correspond is: the indictment charges that the victim stabbed, was stabbed by the plaintiff in error, Bubber Ford, with a certain knife, or other like instrument, held by both Ford and his co-defendant, Samp Williams, when in fact, as shown by the evidence, the knife with which he was stabbed by Bubber Ford was held by Ford and not by him and Samp Williams jointly."

In *Leonard* v. *State*, 77 *Ga.* 764, the original record shows that the charging part of the accusation was as follows: that the three named defendants "with force and arms and with a pistol being a weapon likely to produce death did with malice aforethought unlawfully assault beat and shoot at one Nelson D. Martin with intent to·kill and murder said Nelson D. Martin contrary to the laws of said State. . ." The only ground insisted upon in that case was that the defendant was not charged as principal in the second degree, that is, merely being present aiding and abetting in the shooting, and was not proved to have shot the pistol at the prosecutor, and that he could not have been convicted under this indictment. The court held otherwise and affirmed the case. In the case of *Johnson* v. *State*, 151 *Ga.* 21 (105 S. E. 603), John Sharpe and Viola Johnson were jointly charged with murder, the charging part of the accusation, as shown by the original record, being as follows: "Did then and there unlawfully and with force and arms, feloniously, and with malice aforethought, with a knife, dirk, razor, and other instrument of like kind which they had and held, the same being a weapon likely to produce death, make an assault upon Moses Pittman, and the said John Sharpe and Viola Johnson, with said weapon, did then and there unlawfully, feloniously, and with malice aforethought, cut and stab the said Moses Pittman, thereby giving him a mortal wound, of which wound the said Moses Pittman then and there died. And so the jurors aforesaid, upon their oath aforesaid, do say that the said John Sharpe and Viola Johnson, in manner and form aforesaid, did unlawfully, feloniously, and with malice aforethought, kill and murder the said Moses Pittman, contrary to the laws of the State, the good order, peace, and dignity thereof." The court held: "Where an indictment charges the accused jointly with another as principal, and where the evidence shows that another inflicted the mortal blow— the accused being present aiding and abetting, both are principals in law, as well as in fact; and the stroke of one being the stroke of the other, a verdict finding the former guilty as a principal in the second degree is not illegal and will not require the grant of a new trial." It has also been held in *Futch* v. *State*, 137 *Ga.* 75, 80. (72 S. E. 911) that "In this State, except where otherwise provided, a principal in the second degree receives the same punishment as a principal in the first degree; and it has been held that one may be

indicted as a principal in the first degree and convicted as such, if the evidence shows that he was either the absolute perpetrator of the crime, or that he was present aiding and abetting the other in its commission."

The indictment in the instant case having alleged that Samp Williams and Bubber Ford, the two joint defendants, with a certain knife and other sharp instruments to the grand jurors unknown, then and there held by said Samp Williams and Bubber Ford, did make an assault with the intent to murder upon the said C. H. Hardwick, and on the trial the evidence showed that both Samp Williams and Bubber Ford stabbed and wounded the said Hardwick with separate knives, but neither actually held or had his hands upon the knife with which the other did his stabbing, this was not a material variance, for, under the evidence in this case, the stroke with each of the knives of the two joint defendants is adjudicated in law to be the stroke of each of them, as much so as if both of the joint defendants held each knife and had both together, thus holding each knife, struck Hardwick. "The stroke of one is considered in law, and on sound reason, as the stroke of all." *Hill* v. *State,* 28 *Ga.* 604, 606. The joint defendants in this case were both principals in law, and no distinction between them need be made in the indictment. Whether guilty as principal in the first or second degrees, they were nevertheless principals and the punishment is the same. The act of one was the act of both. *Jones* v. *State,* 130 *Ga.* 274 (6), 280 (60 S. E. 840); *Bullard* v. *State,* 34 *Ga. App.* 198 (128 S. E. 920); *Brannon* v. *State,* 140 *Ga.* 787 (80 S. E. 7); *McWhorter* v. *State,* 118 *Ga.* 55 (5) (44 S. E. 873); *Lewis* v. *State,* 136 *Ga.* 355 (71 S. E. 417). The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*