## BRUNO v. THE STATE.

JENKINS, Justice. 1. The verdict of guilt of murder was authorized not only by testimony as to confessions by the defendant, but by expert and other testimony that two discharged shotgun shells, found at the scene of the homicide from shotgun wounds, had been fired by a stolen shotgun which both before and after the killing was in the possession of the defendant.

2. "Where certain evidence is admitted, but subsequently the judge rules it out, and so informs the jury, and instructs them that they should not consider it in arriving at their verdict, as a general rule this will not require a new trial." *Buchanan* v. *State,* 137 *Ga.* 774 (74 S. E. 536). Accordingly, even if, as contended, there was any error in the admission, or if its admission amounted to an expression of opinion by the court, in merely overruling an objection and admitting testimony of a ballistic expert that it was "an established fact" that the discharged shells had been fired in the shotgun traced into the possession of the defendant, over the stated objection that "such was a question to be determined by the jury from the evidence," the effect of any such error was sufficiently removed where, after further examination of the witness, the court allowed the solicitor-general to withdraw the testimony, and then stated to the jury: "You will disregard the question which the solicitor propounded to the witness, in which he asked if it was an established fact, and the witness testified it was. That is incompetent evidence, and it is not proper for you to consider the question and answer, and you will exclude that from your mind."

3. "Where a crime capable of being committed by one person alone is . . committed by two persons acting jointly and with a common purpose, one as principal in the first degree and the other as principal in the second degree, the offenders may be indicted either jointly or separately; and where the principal in the second degree is indicted separately, he may be treated in the indictment as if he were the absolute and sole perpetrator of the crime, no reference therein to any other participant in the crime being necessary; and where so indicted, the principal in the second degree may be convicted upon proof alone that he was present actually or constructively at the scene of the crime, aiding and abetting its commission by his confederate, who was the actual perpetrator." *Hatcher* v. *State,* 176 *Ga.* 454, 465 (168 S. E. 278), and cit.; *Nelson* v. *State,* 187 *Ga.* 576 (2), 580 (1 S. E. 2d, 641), and cit.; *Kettles* v. *State,* 145 *Ga.* 6, 7 (88 S. E. 197); *Johnson* v. *State,* 151 *Ga.* 21 (2) (105 S. E. 603), and cit.; Id., 148 *Ga.* 546 (2) (97 S. E. 515); *Bullard* v. *State,* 34 *Ga. App.* 198, 200 (128 S. E. 920). Under testimony as to a confession by the defendant that he and another person who was armed with a shotgun together held up the deceased and robbed her of money, and that, although the other person fired the fatal shot, the defendant told the deceased "to stick up," the court did not err in charging to the jury the rules of law as to principals in the first and the second degree in the language of the Code, § 26-501.

4. On these, the sole exceptions, the court did not err in refusing a new trial.　　　　*Judgment affirmed. All the Justices concur.*

No. 13033. OCTOBER 10, 1939.

76

*Howell Cobb*, for plaintiff in error.

*Ellis G. Arnall, attorney-general, Carl E. Crow, solicitor-general, R. B. Williamson, Duke Davis* and *C. E. Gregory Jr., assistant attorneys-general,* contra.