### 44939. AMERICAN HOME ASSURANCE COMPANY v. STEPHENS.

ARGUED JANUARY 8, 1970—DECIDED MARCH 4, 1970.

*Martin, Snow, Grant & Napier, T. Baldwin Martin, Charles M. Stapleton,* for appellant.

Adams, O'Neal, Steele, Thornton, Hemingway & McKenney, Neal D. McKenney, Buford E. Hancock, Hardy Gregory, Jr., for appellee.

JORDAN, Presiding Judge. 1. The third and fourth enumerations involve objections to the testimony of a safety expert, a witness for the plaintiff, who testified that in his opinion the Volkswagen driven by the plaintiff's husband was traveling at a speed of 35 m.p.h. at the time of the collision, and that the grade on the highway was "almost negligible" and "not over 1%." It is argued that the testimony should have been rejected because the expert never went to the scene of the accident, never saw the vehicles involved, and based his opinion on an examination of photographs.

The transcript discloses that the expert's opinion of speed was also based on other considerations within the range of the evidence, and that his estimate of the grade is in accord with other testimony, is really an undisputed fact, and also a fact which is probably inoperative in respect to the cause of the collision. The reasons advanced for excluding the expert's testimony do not reveal an abuse of any discretion of the trial court in allowing the witness to testify as an expert, and the objection is based on matters which generally go to the weight of testimony rather than its admissibility. See Code §§ 38-1708, 38-1710; Thornton v. Gaillard, 111 Ga. App. 371 (2) (141 SE2d 771); Shelton v. Rose, 116 Ga. App. 37 (5) (156 SE2d 659).

2. The restatement in the brief of the fifth enumerated error on the instructions of the court concerning expert testimony is not supported by citation of authority or argument, and is therefore treated as abandoned. See Rule 17 (c) (2), this court.

3. The sixth enumeration is based on the refusal of the court to declare a mistrial following remarks by counsel for the plaintiff in closing argument as follows: "So, if they have collected premiums and now it's time to ante up and pay off and they don't, and if those facts—that they are making these millions of dollars, hundreds of millions. . ."

The transcript discloses several instances on the part of counsel for both parties involving improper comment or reference to financial status in the case. The gist of comment in

this respect by counsel for the defendant is that the plaintiff dismissed the action against the defendant driver to collect from the insurer, but that the carrier would ultimately pay because of increased premiums. The gist of comment by counsel for the plaintiff is that the insurer was well able to pay.

Immediately upon objection to the specific remarks complained of, as quoted above, counsel for the plaintiff withdrew the remarks, without waiting for a ruling, explaining, however, that the remarks were in rebuttal to argument of opposing counsel. The court, in sustaining the objection, reminded the jury that he would instruct on the measure of damages and that "matters of the financial position of these parties . . . [are not in issue] and you are to completely disabuse your minds of any such statement made by either counsel in any regard whatsoever." Earlier he had sustained an objection to remarks of counsel for the defendant regarding the financial impact of a verdict.

In his final instructions to the jury the court again emphasized the fact that the defendant was an insurance company "has no bearing on the plaintiff's right to recover, and should not prejudice your verdict in any respect, either for or against the plaintiff or the defendant," and he followed this by instructions covering the law allowing the plaintiff to bring an action against the insurer for a tort committed by a servant of the carrier. He also stated "that the financial condition of the parties in this case is completely immaterial and irrelevant, and it is not a matter for your consideration, and that in reaching your verdict you should not consider the ability of the defendant, American Home Assurance Company, to pay, or the need of the plaintiff, Essie Mae Stephens, to recover. You are not concerned with the effect of your verdict, but are responsible for your verdict speaking the truth of the case."

Corrective action on the part of the trial court with respect to improper remarks involves the exercise of a sound discretion. The circumstances here disclose no abuse in the exercise of that discretion. See *Southern R. Co. v. Cowan*, 52 Ga. App. 360, 369 (183 SE 331); *Furney v. Tower*, 36 Ga. App. 698 (1) (137 SE 850); and *City of Commerce v. Bradford*, 94 Ga. App. 284 (11) (94 SE2d 160).

4. The seventh enumeration is based on the failure to give a requested instruction as follows: "I charge you if you find the evidence is evenly balanced upon any issue in this case, then and in such event, it would be your duty to resolve such issue against the party having the burden of proof of such issue." The eighth enumeration is based on the failure to give another requested instruction, stating the same principle in specific terms in respect to the negligence of the driver of the truck as the proximate cause of the occurrence.

There is no longer any requirement that a court give the exact language of a requested instruction, even if it be correct and applicable. *Hardwick v. Price,* 114 Ga. App. 817, 821 (152 SE2d 905).

The question here is whether the principle stated in the request was sufficiently or substantially covered by the general charge. We must look to the charge as a whole to make this determination. We find that the charge clearly informed the jury that the burden of proof was upon the plaintiff to make out her case by a preponderance of the evidence, followed by a correct definition of that term as being that "sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other."

He further charged that in order for the plaintiff to recover she must "prove to your satisfaction by a preponderance of the evidence that the defendant was negligent in at least one of the particular grounds of negligence" set out in the complaint and that such negligence was a proximate cause of the collision.

The court further charged "the defendant's driver contends, among other things, that he was not negligent in any of the ways claimed by the plaintiff and if you find his contention to be the truth of the case, the plaintiff could not recover and you should return a verdict for the defendant."

The court further charged that "if the negligence upon the part of the deceased (plaintiff's deceased) was equal to or greater than the defendant driver's negligence, the plaintiff would not be entitled to recover. If the plaintiff's husband's negligence, if you find any, was the sole cause of his death, then the plaintiff could not recover."

From the above, it would appear that the court abundantly made clear that the burden of proof was upon the plaintiff to prove her case, and if she did not so prove by a preponderance of the evidence, she could not recover. It was further made clear that if her deceased husband's negligence was "equal to or greater" than defendant's negligence she could not recover. In other words, the instructions made it clear that a "tie" goes to the defendant. That is all that the requested charge sought to do and it would have been mere surplusage to additionally instruct that if "the evidence is evenly balanced" you would resolve such against the party having the burden of proof. Certainly the requested charge, if given, would not have been error, perhaps even helpful, but was it reversible error considering the entire charge as given? We think not.

Refusal to give requested charges, though they contain correct legal principles, will not constitute reversible error if *sufficiently* covered by the general charge. *Hall v. State*, 180 Ga. 46 (1) (178 SE 292). It is not required that a charge be perfect and complete in every aspect, or that every principle of law be charged in the precise language desired by one of the parties. "Where the principle of a requested charge is *substantially* given, albeit in different language, there is no error." (Emphasis supplied). *McBerry v. Ivie*, 116 Ga. App. 808, 813 (159 SE2d 108); *Carnes v. State*, 115 Ga. App. 387, 393 (154 SE2d 781), citing *Long v. State*, 12 Ga. 293.

Appellant relies upon *Southern R. Co. v. Smalley*, 116 Ga. App. 356 (157 SE2d 530), where this court held that the refusal to give a similar request was reversible error in that case. While that case is only a physical precedent, we do not perceive that the language there used was intended to state a rule different from that stated above. The true rule is whether it can be said that, viewing the charge as a whole, the requested charge has been sufficiently or substantially covered. It is not necessarily required that the general charge given be as "full" or complete as the request.

5. The ninth enumeration asserts error on the failure to give a requested instruction to the effect that if the driver of the Volkswagen was traveling in excess of 35 m.p.h. he was guilty of

negligence per se. The court did instruct that the violation of a state statute or city ordinance would make the violator guilty of negligence as a matter of law, and, despite a possible conflict in testimony as to the applicable speed limit, instructed the jury that "the posted speed limit at the time and place in question in this case was 35 m.p.h." No harmful error is disclosed by the failure to instruct in the specific language requested.

6. In the tenth and eleventh enumerations error is assigned on the failure of the court to give requested instructions that "no person shall operate a motor vehicle upon the public roads or highways within this state who is incapacitated by reason of a physical disability such that he cannot operate a vehicle with safety" and that "You have heard evidence in this case concerning the ability of Jesse Franklin Stephens to see while operating a vehicle at night. The defendants contend that this collision would not have occurred but for the poor vision on his part. If you find that the vision of Jesse Franklin Stephens was hindered for driving because of poor eyesight, and further find that this was the sole proximate cause of the collision complained of unmixed with any negligence on the part of James E. Williams, then and in such event, I charge you that your verdict should be for the defendants in this case."

While there is general testimony by a physician, who admitted he was not a qualified opthalmologist, concerning the visual ability of Stephens, who was blind in his left eye and suffered from glaucoma in his right eye, the decedent's own physician, who had examined him five days before the collision, testified that he had 20/20 vision in his right eye, and that in his opinion it was safe for him to drive at night, otherwise he would have warned him. In view of this evidence there is clearly an issue in respect to whether the fact that the decedent was blind in one eye and suffered from glaucoma in the other may have affected his depth perception and range of vision, and whether these visual defects caused or contributed to the collision. The court did instruct fully on the abstract principles of negligence law as applicable to both drivers, including the statement that if the decedent's negligence, "if you find any, was the sole cause of his death, then the plaintiff could not recover."

At the outset he had also reminded the members of the jury that they had heard the evidence and were familiar with the contentions of the parties, and that he would "not attempt to review or summarize all of these contentions except insofar as is necessary to give you the law applicable to this case."

Under the circumstances here shown, even if we assume that the requested instructions were appropriate it does not necessarily follow that it was harmful error to refuse to pinpoint and single out by such instructions the visual deficiencies of the decedent as a possible cause of the collision. Viewing the record and transcript as a whole we think it is obvious that the jury knew that the ability or inability of the plaintiff to see was a matter for consideration in determining cause and fixing liability.

7. The court did not err in failing to give the exact language of the request as complained of in the twelfth enumeration, for having already given the abstract principle that the negligence of Jesse Franklin Stephens as the sole proximate cause would bar recovery, it was unnecessary to repeat this principle after informing the jury that a violation of Code Ann. § 68-1633 requiring a vehicle to be driven on the right half of a roadway of sufficient width would be negligence as a matter of law.

8. The thirteenth enumeration asserts error on the instruction on emergency because of the failure of the court to limit the principle to an emergency not created by the decedent driver, it being contended that if there was an emergency it was one created by the decedent. The charge as given is couched in language making the principle applicable "when a person is suddenly put in a position of peril by the negligence of another" and thus obviously applicable to an emergency created by the negligence of either driver which may have affected the conduct of the other driver. Whatever its application in respect to an emergency created by the decedent driver, a qualification limiting its application to this driver alone would have been improper, for the evidence most clearly authorizes a determination that the driver of the truck could have created an emergency by suddenly emerging from a driveway across

a public highway on which traffic had the right of way, without allowing sufficient time for his slow moving vehicle to clear the path of this traffic.

*Judgment affirmed. Pannell and Eberhardt, JJ., concur.*