## 49529. TRIPCONY v. PICKETT.

WEBB, Judge.

Plaintiff, dissatisfied with a verdict and judgment for defendant in a damage suit resulting from a two-car collision, appeals to this court from the order overruling his motion for new trial. *Held:*

1. Enumerations of error 2, 3, and 5 complain of the sustaining of objections to testimony of Officer Holcombe and witness Shackleford. In each instance, however, the same testimony was elicited from the same witness without objection, and no reversible error appears. *Ward v. Handley,* 132 Ga. App. 412 (1).

2. Enumeration of error 4 complains of the sustaining of an objection to testimony of witness Shackleford as follows: "Q. Just tell the court and jury what you observed that led up to the collision there at the scene? A. Well, in other words, Mr. Pickett—Mr. Tripcony was headed toward town and Mr. Pickett was headed west and Mr. Pickett was headed in on Mr. Tripcony's side of the road and Mr. Tripcony swerved to pull to the other side of the road to keep from hitting him, he didn't have anywhere else to go, not where the wreck happened to my knowledge. Mr. Grubbs: If it please the

court, I object to the words 'he didn't have no where else to go,' that's a conclusion. The Court: I sustain that."

We find no reversible error. The witness did not testify as to whether there were shoulders on the road, what the terrain looked like, how many other lanes there were, or as to any other facts to support his statement that plaintiff "didn't have anywhere else to go" to avoid the collision. If the jurors believed the plaintiff's evidence that defendant crossed into plaintiff's lane of travel some 100 to 200 feet in front of him and then returned to his own lane, where the collision occurred, the question as to whether plaintiff Tripcony had any place to go to avoid the collision other than turning into defendant's lane of travel when the two were some 20 to 30 feet apart was an ultimate question for the jurors, who were called upon to determine whether plaintiff exercised ordinary care to avoid any negligence on defendant's part. The evidence was clear that there was a six-foot shoulder on plaintiff's side of the highway, and that there was a dirt road on his side onto which he possibly could have turned. Eleven photographs of the scene were introduced in evidence, and the jury thus had ample evidence to determine this question. We need not hold that this evidence was inadmissible, but only that its exclusion did not require the grant of a new trial. CPA § 61 (Code Ann. § 81A-161).

3. There is no merit in the contention that the court's charge on the avoidance doctrine was inappropriate and not authorized by the evidence.

4. The evidence would have authorized a verdict for either party, and there is no merit in the general grounds of the motion for new trial.

5. Enumerations of error 6 and 7, complaining of the exclusion of evidence relating to damages only, afford no grounds for reversal since the verdict was returned in favor of defendant. *Maloy v. Dixon,* 127 Ga. App. 151, 156 (193 SE2d 19) and cases collected in footnote 2 thereof.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

Submitted July 9, 1974 — Decided September 4, 1974.

*Talmadge Woodman, James E. Hardy,* for appellant.
*Grubbs & Platt, J. M. Grubbs, Jr., Adele Platt,* for appellee.