49750. HUTCHINSON et al. v. TILLMAN et al.

EVANS, Judge.

On July 6, 1970, at approximately 3:30 p.m., a collision occurred between a Volkswagen automobile and a pulpwood truck in Glynn County, Georgia. The Volkswagen was owned by Charles Tillman and driven by Joseph Marvin Tillman, his 16-year-old son. The pulpwood truck was owned by Peter Hutchinson, and was driven by Frankie Lee Wilson, his agent and servant while in the scope of the master's business. The pulpwood truck was traveling south on Georgia Highway No. 303; and was headed in the direction of its intersection with Blythe Island Drive. The Volkswagen was on Blythe Island Drive and was traveling east towards its intersection with Highway 303.

Both Charles Tillman and Joseph Marvin Tillman, as plaintiffs, sued Peter Hutchinson and Frankie Lee Wilson, as defendants, and a verdict was rendered for plaintiffs. Joint motions for judgment notwithstanding the verdict were filed, and in the alternative, defendants sought a new trial. These motions were denied. Defendants appeal. *Held:*

1. In arguing enumerations of error 1 through 6, defendants contend that the evidence demanded a verdict for defendants, and the court erred in failing to direct the verdict, in failing to grant the motion for judgment

notwithstanding the verdict, and in failing to grant the motion for new trial. There was evidence which showed that the Volkswagen stopped at the intersection, and then proceeded into same, and crossed one lane of traffic (the southbound lane in which lane the pulpwood truck approached the intersection), and then drove across to the other lane of traffic (the northbound lane), and that the pulpwood truck left the southbound lane of traffic and drove across the center line and into the northbound lane of traffic, where it was to its left of the center-line, and there it struck the Volkswagen. The pulpwood truck was traveling from 40 to 45 miles per hour as it approached the intersection, and laid down 72 feet of skid marks before impact, and came to rest an additional 120 feet from the point of impact. The Volkswagen was knocked 74 feet backward by the force of the collision. The evidence did not show how fast the Volkswagen was traveling, but as it had stopped at the stop sign, and traveled thereafter less than the width of two lanes of traffic, it could be assumed that it was running at only a fraction of the speed of the truck. Further, as the Volkswagen's speed was slower than the pulpwood truck's speed, and as it negotiated about three-fourths of the breadth of the intersection before being struck, it could have been concluded by the jury that the Volkswagen entered the intersection before the pulpwood truck entered same. There was no testimony to suggest that the pulpwood truck reduced speed on the approach to an intersection as is required by Code Ann. § 68-1626 (c) (Ga. L. 1953, Nov. Sess., pp. 556, 577; 1959, p. 303; 1961, pp. 438, 439; 1963, p. 26; 1964, pp. 294, 295; 1965, p. 322; 1968, p. 987; 1968, p. 1158; 1968, pp. 1427, 1429; 1972, p. 951). And of course, one who violates the law must anticipate that all others may violate the law. *Ga. Power Co. v. Blum,* 80 Ga. App. 618 (3-b) (57 SE2d 18); *Williams v. Grier,* 196 Ga. 327, 338 (26 SE2d 698). No principle is better established than the right and duty of a jury to determine all questions relating to negligence. *Long Const. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726); *Hanchey v. Hart,* 120 Ga. App. 677 (171 SE2d 918); *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178). And the evidence must be construed most favorably toward the party who prevailed in the trial court; if there

is *any* evidence to support the verdict it must be affirmed. See *Bell Bros. v. Aiken,* 1 Ga. App. 36 (2) (57 SE 1001); *Alabama Great Sou. R. Co. v. Brock,* 141 Ga. 840 (2) (82 SE 225); *Crews v. Crews,* 219 Ga. 459, 463 (1) (134 SE2d 27); *City of Dublin v. Hobbs,* 218 Ga. 108 (2) (126 SE2d 655). The jury could have concluded that the pulpwood truck's driver was negligent in driving across the center line and colliding with the Volkswagen while on its left-hand side of the center of the highway. Code Ann. § 68-1633 (Ga. L. 1953, Nov. Sess., pp. 556, 581; 1967, p. 542; 1968, p. 1065).

2. Defendants enumerate error because of certain language charged by the trial judge to the jury. They not only take same out of context, but omit part of the sentence, which omitted part completely changes the meaning of the language charged. See *Brown v. Matthews,* 79 Ga. 1 (1) (4 SE 13), as to trying to show error by disjointed fragments of the charge. We set forth next the language complained of, and we are *adding and emphasizing the omitted part* of the sentence, to wit: "I charge you, however, that if you find that defendant Wilson was negligent, and that such negligence proximately caused or contributed to such plaintiffs' injury and damage, if any, you would be entitled to return a verdict in favor of such plaintiff *unless you should find that a recovery in favor of him should be denied under other instructions given you in this charge.*" (Tr. p. 113). Elsewhere the trial judge charged the jury that plaintiffs could not recover if their conduct caused the occurrence complained of; nor if plaintiffs could have by exercise of ordinary care avoided consequences of the defendants' negligence; *and if plaintiffs' negligence was equal to or exceeded the negligence of defendants, plaintiffs could not recover.* (Tr. p. 111).

The trial judge, in effect, instructed the jury not to consider excerpts from his charge out of context, but to consider same in relation to the entire charge. There is no error shown in this enumeration.

3. Defendant complains because the trial court charged the general speed restriction statute, requiring driving at a reasonable and prudent speed and requiring the control of speed as may be necessary to avoid colliding with a vehicle on or entering the highway in compliance

with legal requirements. Defendant contends that the above charge is not adjusted to the evidence. We have previously set out evidence which the jury was authorized to believe, including defendants' approach to an intersection at 40 to 45 miles per hour, without reducing speed as required by statute; that the Volkswagen entered the intersection before defendant entered same; that 72 feet of skid marks were laid down by the truck, and that it traveled 120 feet farther after impact, and after knocking the Volkswagen 74 feet; and that the pulpwood truck was driven from the driver's right side of the highway to his left side, where he collided with the Volkswagen. All of the above amply warrants the charge given as to speed.

4. Defendants complain because the trial judge refused to charge a written request as follows: "I charge you that in your consideration of the evidence of this case, you should not consider sympathy which you may have for the plaintiff in arriving at your verdict." The vice in this request is readily apparent. It would have been error to give this request, because it was argumentative. See Code § 81-1104; *Smith v. Hazelhurst,* 122 Ga. 786 (50 SE 917); *Johnson v. State,* 148 Ga. 546, 547 (4) (97 SE 515). Implicit in the language requested was the suggestion that it would be perfectly all right for the jury to consider such sympathy as it had for the *defendant, but not for the plaintiff.* What kind of trial would this have been if one party was to be accorded sympathy and the other party was to be accorded no sympathy? If a request had been made to charge that sympathy for either plaintiff or defendant should play no part in the jury's consideration of the case, that would have presented an entirely different question.

5. Defendants complain because the lower court failed to charge a written request as to emergency. This request was couched in argumentative language, giving defendants' contention as to why defendants' car was on the wrong side of the road at the time of the collision. (See cases cited in Division 4 of this opinion). The court correctly charged the law as to the doctrine of emergency, and that one faced with a sudden emergency which he has not created, may act thereafter according to his best

judgment; or, if, because of want of time to form a judgment, he omits to act in the most judicious manner, he is not chargeable with negligence.

The charge thus given was apt and sufficient, and the trial court did not err in refusing to charge in the argumentative language suggested by defendants. See *Hall v. State,* 180 Ga. 46, 47 (1) (178 SE 292); *Hardwick v. Price,* 114 Ga. App. 817 (3), 821 (152 SE2d 905); *Am. Home Assur. Co. v. Stephens,* 121 Ga. App. 306, 309 (174 SE2d 186).

6. Defendants complain that the court should have charged, as requested in writing, that the operator of a motor vehicle is entitled to assume that every other user of the public highway will obey traffic laws and signs, and he is not obligated to assume that such laws will be violated, or to take measures to prevent the consequences of such violations. But the evidence in this case is undisputed that the defendants' vehicle was approaching an intersection, and that the driver did not reduce speed in accordance with the requirements of Code Ann. § 68-1626 (a), supra. The law requested by defendants protects and applies *only to a driver who is not violating the law;* and if such driver is himself violating the law, he must assume that all other drivers on the highway at this same time and place, like him, may violate the traffic laws. (See cases cited in Headnote 1 of this opinion.) The trial judge charged the substance of Code Ann. § 68-1652 (Ga. L. 1953, Nov. Sess., pp. 556, 590) to the effect that one who is required to stop at a stop sign before entering a thoroughfare must stop and yield the right of way to vehicles on the thoroughfare and within the intersection or approaching so closely as to constitute an immediate hazard. There is no merit in this enumeration of error.

7. In view of the foregoing, the judgment of the lower court is affirmed.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

ARGUED OCTOBER 2, 1974 — DECIDED JANUARY 7, 1975.

*Fendig, Dickey, Fendig & Whelchel, J. Thomas*

*Whelchel, Donald B. Napier,* for appellants.
  *Taylor, Bishop & Lee, James A. Bishop,* for appellees.