## 54004. KRISE v. MEYERS.

SMITH, Judge.

The jury returned a verdict for Meyers, the defendant in the trial court. Krise appeals from the trial court's denial of his motion for new trial based on general grounds and on special grounds asserting the court erred in certain evidential rulings. We find no error and affirm.

Krise brought this negligence action to recover for injuries he sustained when the car in which he was a passenger collided with Meyers' car. The evidence showed that it was a rainy day and Meyers was traveling in a line of traffic on U. S. Highway 278, at a speed of thirty-five to forty miles per hour and at a distance of about twenty feet from the car preceding him, when the traffic in front of him came to an abrupt stop. Meyers came to an almost complete halt, without event, and then he proceeded as before. The collision occurred when the traffic again came to a sudden halt and Meyers attempted to stop. This time, his car skidded out of control on the rain-slicked highway, turned sideways and went two feet over the center line, where it hit Krise's car head-on. Subsequently to the collision, Meyers entered a plea of guilty to the traffic offense charge that he was "on the wrong side of the road."

1. Without any objection, the court charged the jury that Krise could not recover if they found his injuries were the result of an accident that "occurred without being caused by either the negligence of the plaintiff or the defendant." From the evidence adduced at trial, the jury might well have concluded that the collision was an inevitable accident caused by the road conditions and not

by negligence on the part of Meyers. *Cartey v. Smith,* 105 Ga. App. 809 (2) (125 SE2d 723). Likewise, the jury could have concluded that the violation of the traffic statute was inevitable and excusable under the circumstances. *Herman v. Sladofsky,* 301 Mass. 534 (17 NE2d 879); *Kisling v. Thierman,* 214 Ia. 911 (243 NW 552). Since there was evidence in support of the jury's verdict, this court will not disturb it. *Hutchinson v. Tillman,* 133 Ga. App. 660 (211 SE2d 912).

2. The remaining enumerations relate only to the question of damages, and, since the jury found for Meyers, they present no grounds for reversal. *Tripcony v. Pickett,* 132 Ga. App. 563 (208 SE2d 574).

*Judgment affirmed. Bell, C.J., concurs. McMurray, J., concurs specially.*

ARGUED MAY 23, 1977 — DECIDED OCTOBER 3, 1977 — REHEARING DENIED OCTOBER 21, 1977 —

*Parker & O'Callaghan, James I. Parker,* for appellant.

*Mundy & Gammage, E. Lamar Gammage,* for appellee.

McMURRAY, Judge, concurring specially.

In view of the prior decisions of the appellate courts of this state dealing with the application of Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078); Code Ann. § 2-3704 (now Code Ann. § 2-3104, effective January 1, 1977); Code Ann. § 2-3708 (now Code Ann. § 2-3108, effective January 1, 1977); and the sufficiency of the evidence in support of the jury's verdict, I agree that the majority reached the proper results in this case.

However, in my view, under the facts disclosed by the record and transcript, and assuming without deciding that all of the remaining parts of the trial court's charge are correct, that portion of the court's charge dealing with the law of "accident" was neither demanded nor authorized by the evidence. But who knows how the jury arrived at its verdict and who is to say that the jury based its verdict solely on the defense of "accident"? Based on

the defendant's own testimony, he was traveling thirty-five to forty miles per hour on a rainy day on an asphalt surface approximately one automobile length behind the vehicle in front of him. This evidence, from the defendant's own lips, would preclude the defense of "accident."

I, therefore, concur in the judgment only.